The STATE of Ohio, Appellant and Cross–Appellee,

v.

RICH et al., Appellees and Cross–Appellants.

[Cite as *State v. Rich* (1993), 87 Ohio App.3d 194.]

Court of Appeals of Ohio,
Wayne County.

Nos. 2742, 2759.

Decided April 14, 1993.

*Martin Frantz,* Wayne County Assistant Prosecuting Attorney, for appellant and cross-appellee.

*John Connor II* and *Allen G. Carter,* for appellees and cross-appellants.

Cook, Presiding Judge.

On September 30, 1991, defendants, Paul W. Rich, Helga Rich, Virginia Rich, B & R Club Supplies and Rick's Club Supplies were indicted for engaging in a pattern of corrupt activity, R.C. 2923.32. Defendants filed a motion to suppress evidence and to dismiss the indictments. The trial court denied the motion to suppress but granted the motion to dismiss because none of the predicate incidents stated as forming the pattern of corrupt activity constituted a felony as required by R.C. 2923.31(E). The state appeals the dismissal of the indictments, asserting a single assignment of error.[1] In their cross-assignment of error, the defendants claim that the trial court erred by denying their motion to suppress.

### Assignment of Error

"The trial court erred by dismissing indictments charging defendants with engaging in a pattern of corrupt activity for failure to include a felony among the predicate acts when one of the predicate acts alleges a violation of 18 U.S.C. 1955."

The state concedes that predicate acts two through fifty-eight constitute misdemeanors, but argues that the first predicate act[2] meets the requirements of R.C. 2923.31(E) under either of two arguments.

---

1. The state moved to consolidate case Nos. 2742 and 2759; however, it failed to assign any errors concerning case No. 2759. We, therefore, need not address that appeal. App.R. 12(A); *Ferreri v. McShane* (Oct. 17, 1990), Summit App. No. 14433, unreported, 1990 WL 163907.

2. The first predicate act in the indictment states:

## FIRST ARGUMENT

The state contends that despite the underlying conduct charged in the first predicate act being Ohio gambling misdemeanors, the fact that the conduct also violates "laws of the United States" suffices to meet the dictates of R.C. 2923.31(E).

In defining what a "pattern of corrupt activity" is, R.C. 2923.31(E) states:

"For the purposes of the criminal penalties that may be imposed pursuant to section 2923.32 of the Revised Code [engaging in a pattern of corrupt activity], at least one of the incidents forming the pattern shall constitute a felony under the laws of this state *or, if committed in violation of the laws of the United States or of any other state, would constitute a felony under the law of this state if committed in this state.*" (Emphasis added.)

The state asserts that R.C. 2923.31(E) should be interpreted as requiring that either a felony under the laws of Ohio *or* a violation of the laws of the United States is needed in order to qualify as a pattern of corrupt activity. Therefore, because the first predicate act is alleged as a violation of the laws of the United States, a pattern of corrupt activity was properly alleged. We, however, do not agree with the state's analysis of the meaning of the statute. Such an interpretation requires one to ignore the phrase "would constitute a felony under the law of this state if committed in this state." In interpreting statutes, a court must give effect to the words used, not delete words used or insert words not used. *Bernardini v. Conneaut Area City School Dist. Bd. of Edn.* (1979), 58 Ohio St.2d 1, 4, 12 O.O.3d 1, 3, 387 N.E.2d 1222, 1224. The plain meaning of this statute is that one incident forming the alleged pattern of corrupt activity must constitute a felony under Ohio law whether the incident is an Ohio felony or whether it is committed in violation of the laws of the United States or another state. This interpretation does not emasculate the definition of "corrupt activity," R.C. 2923.31(I), as the state contends, but merely ensures that among the incidents of corrupt activity alleged, one constitutes a felony under Ohio law. The state may charge conduct in violation of the laws of the United States as a predicate event of corrupt activity; however, in this case, because no other incident alleged a

---

"PREDICATE ACT NO. (1): That, for a period of time in excess of thirty days, that is from September 30, 1985 through February 22, 1991, in the County of Wayne, State of Ohio, PAUL W. RICH a/k/a BILLY RICH, HELGA RICH, RICKY A. RICH, and VIRGINIA RICH f/k/a/ VIRGINIA D. ROHRER and f/k/a VIRGINIA D. SHAFFER, * * * in violation of Title 18, United States Code Section 1955, did conduct, finance, manage, supervise, direct or own, all or part of, an illegal gambling business, to-wit: the establishment, promotion, or operation of schemes or games of chance conducted for profit, as proscribed by R.C. 2915.02(A)(2); or the acquisition, possession, control, or operation of gambling devices, such as slot machines, black jack tables and other gaming equipment, with purpose to violate R.C. 2915.02(A)(2) or (4), as proscribed by R.C. 2915.02(A)(5)."

felony, the first predicate offense must also constitute a felony under Ohio law in order for the charge to allege a pattern of corrupt activity in accordance with R.C. 2923.31(E).

## SECOND ARGUMENT

■ Having found that the first predicate act must constitute a felony under Ohio law, we turn next to the state's argument that the first predicate offense charged in this is a felony because the penalty for violation of Section 1955, Title 18, U.S.Code is imprisonment up to five years and, therefore, constitutes a felony in Ohio under R.C. 2901.02(E).[3] We do not agree.

The state asserts that to determine whether an offense constitutes a felony under Ohio law, the court must look not at the substance of the offense but rather at the penalty that may be imposed. R.C. 2923.31(E), however, specifically states that the incident must constitute a felony under Ohio law as "if committed in this state." Thus, the trial court did not err in looking at the substance of the offense instead of the penalty for the federal offense.

■ In this case, the substance of the first predicate act concerns certain acts of illegal gambling as found in R.C. 2915.02(A)(2), (4) and (5). In Ohio, a first offense of illegal gambling is a misdemeanor and not a felony, R.C. 2915.02(F); therefore, the state did not allege an incident which if committed in Ohio would constitute a felony. The trial court did not err when it dismissed the indictments because none of the incidents forming the pattern of corrupt activity constituted a felony.

The assignment of error is overruled.

### Cross–Assignment of Error

"The trial court erred in overruling the defendants-appellees' motion to suppress."

Given our disposition of the state's assignment of error, defendants' cross-assignment of error is moot and we need not address it. App.R. 12(A)(1)(c).

The judgment of the trial court is affirmed.

*Judgment affirmed.*

Quillin and Baird, JJ., concur.

---

3. R.C. 2901.02(E) declares that "[a]ny offense not specifically classified is a felony if imprisonment for more than one year may be imposed as a penalty."