OPINIONS OF THE SUPREME COURT OF OHIO

**** SUBJECT TO FURTHER EDITING ****

     The full texts of the opinions of the Supreme Court
of Ohio are being transmitted electronically beginning May
27, 1992, pursuant to a pilot project implemented by Chief
Justice Thomas J. Moyer.
     Please call any errors to the attention of the
Reporter's Office of the Supreme Court of Ohio.
Attention:  Walter S. Kobalka, Reporter, or Deborah J.
Barrett, Administrative Assistant.  Tel.:  (614) 466-4961;
in Ohio 1-800-826-9010.  Your comments on this pilot
project are also welcome.
     NOTE:  Corrections may be made by the Supreme Court
to the full texts of the opinions after they have been
released electronically to the public.  The reader is
therefore advised to check the bound volumes of Ohio St.3d
published by West Publishing Company for the final
versions of these opinions.  The advance sheets to Ohio
St.3d will also contain the volume and page numbers where
the opinions will be found in the bound volumes of the
Ohio Official Reports.

The State of Ohio, Appellant and Cross-Appellee, v.
Morgan, Appellee and Cross-Appellant.
[Cite as State v. Morgan (1994),    Ohio St.3d    .]
Criminal law -- R.C. 2923.31(E), construed -- Determining
     whether a federal offense constitutes a felony for
     purposes of R.C. 2923.32.
                         ---
The determination whether a federal offense or an offense
     committed in a sister state constitutes a felony for
     purposes of R.C. 2923.32 depends upon whether the
     actual act committed by the defendant would
     constitute a felony offense if committed in Ohio.
     The classification of the offense imposed upon the
     defendant by the foreign jurisdiction has no bearing
     on the question.  (R.C. 2923.31[E], construed.)
                         ---
     (No. 93-1139 -- Submitted October 26, 1994 -- Decided
December 14, 1994.)
     Appeal and Cross-Appeal from the Court of Appeals for
Fairfield County, No. 14-CA-92.
     On September 7, 1990, appellee and cross-appellant,
James P. Morgan, was indicted by the Fairfield County
Grand Jury on one count of engaging in a pattern of
corrupt activity in violation of R.C. 2923.32 and four
counts of filing an incomplete, false or fraudulent income
tax return in violation of R.C. 5747.19.  Count one of the
indictment consisted of sixty-two underlying predicate
acts.  In essence, Morgan and others allegedly engaged in
an illegal gambling or bookmaking operation.
     On September 23, 1991, Morgan and the state of Ohio,
appellant and cross-appellee, entered into a plea
agreement.  As part of the agreement, appellant, pursuant
to R.C. 2941.33, entered a nolle prosequi regarding counts

two through five of the indictment.  In addition, eighteen of the original predicate acts in count one of the indictment were dismissed and Morgan then entered a plea of no contest to the remainder of count one.  One of the remaining predicate acts (predicate act number one) accused Morgan of violating Section 1955, Title 18, U.S. Code and R.C. 2915.02(A)(1).  Further, the other remaining predicate acts charged that Morgan violated R.C. 2915.02(A)(1) or (3).  R.C. 2915.02(A)(1) and (3) are misdemeanor gambling offenses under Ohio law.

On October 8, 1991, Morgan filed a motion for acquittal in the Court of Common Pleas of Fairfield County.  On December 2, 1991, the trial court, finding Ohio's corrupt activity law (R.C. 2923.31 through 2923.36) constitutional, denied Morgan's motion for acquittal and determined that he was guilty of engaging in a pattern of corrupt activity.  The trial court sentenced Morgan to a period of incarceration of not less than four nor more than twenty-five years.  Morgan was fined $5,000 and ordered to pay costs of the prosecution in the amount of $25,000.  Thereafter, the trial court conducted a forfeiture hearing and further ordered Morgan to forfeit $95,000.

On appeal, the court of appeals reversed the judgment of the trial court and dismissed the charge against Morgan.  The court further directed that all property forfeited by Morgan be returned to him.  Specifically, the court of appeals determined that the allegations set forth in the indictment did not satisfy the requisite felony act required to sustain a conviction under R.C. 2923.32, stating that:

"The appellant [Morgan] did not have a previous conviction for any gambling offense in Ohio which could be used to enhance a subsequent gambling violation to a felony.  As such, any conduct on the part of the defendant involving an alleged violation of any section of R.C. Chapter 2951 [R.C. Chapter 2915 sic] (gambling) would constitute only a misdemeanor offense.  It necessarily follows that the conduct of the appellant which resulted in violation of [Section 1955, Title 18, U.S. Code] would only have constituted a misdemeanor offense, if an offense at all, in Ohio.

"R.C. 2923.31(E) directs us to determine whether the incident which resulted in appellant's conviction in the foreign jurisdiction (be it a federal statute or another state's statute) would constitute a felony if committed in Ohio.  We believe R.C. 2923.31(E) requires analysis of appellant's conduct and not the penalty accessible [sic assessable] by the other sovereign to determine whether it meets the felony predicate required by Ohio's Corrupt Practices Act.

"Criminal statutes are to be strictly construed against the state.  R.C. 2901.04.  We conclude R.C. 2901.02(E) has no application to the definition of 'pattern of corrupt activities' under Ohio's Corrupt Practices Act."  (Emphasis sic.)

The cause is now before this court pursuant to the

allowance of a motion and cross-motion for leave to appeal.

David L. Landefeld, Prosecuting Attorney, and Paul D. Morehart, Assistant Prosecuting Attorney, for appellant and cross-appellee.

Max Kravitz and William D. Holt, for appellee and cross-appellant.

Douglas, J.    Upon our initial consideration, it appeared that the outcome of this case would hinge on the constitutionality of Ohio's corrupt activity law. However, upon further review, it has become apparent deciding that question is not necessary to the determination of this appeal.  Rather, the simpler question in this case is whether alleging a violation of Section 1955, Title 18, U.S. Code is sufficient to establish the requisite felony act needed to sustain a conviction for engaging in a pattern of corrupt activity under R.C. 2923.32(E).

Specifically at issue in this case is the first predicate act in count one of the indictment.  It reads: "That, for a time period in excess of thirty days, to-wit:  from January 1, 1984, through December 31, 1989, * * * James P. Morgan * * *, in violation of Title 18, United States Code Section 1955, did conduct, finance, manage, supervise, direct or own all or part of an illegal gambling business, to-wit:  a bookmaking enterprise as defined by Ohio Revised Code Section 2915.01(1), operated out of a building * * * and/or house * * * in violation of Ohio Revised Code Section 2915.02(A)(1)[.]"

R.C. 2923.32(A)(1) provides that:  "No person employed by, or associated with, any enterprise shall conduct or participate in, directly or indirectly, the affairs of the enterprise through a pattern of corrupt activity or the collection of an unlawful debt." (Emphasis added.)  Further, subsection (B)(1) provides that a violation of R.C. 2923.32 is a first-degree felony.

The definition of "pattern of corrupt activity" is set forth in R.C. 2923.31(E).  A pattern exists if there are "two or more incidents of corrupt activity, whether or not there has been a prior conviction, that are related to the affairs of the same enterprise, are not isolated, and are not so closely related to each other and connected in time and place that they constitute a single event." (Emphasis added.)  This section further requires that at least one of the incidents forming the pattern must occur on or after January 1, 1986.  Also, "[f]or the purposes of the criminal penalties that may be imposed pursuant to section R.C. 2923.32 of the Revised Code, at least one of the incidents forming the pattern shall constitute a felony under the laws of this state or, if committed in violation of the laws of the United States or of any other state, would constitute a felony under the law of this state if committed in this state."  (Emphasis added.)

R.C. 2923.31(I)(1) provides that "corrupt activity" includes "engaging in, attempting to engage in, conspiring to engage in, or soliciting, coercing, or intimidating

another person to engage in * * * [c]onduct defined as 'racketeering activity' under the 'Organized Crime Control Act of 1970,' 84 Stat. 941, 18 U.S.C. 1961(1)(B), (1)(C), (1)(D), and (1)(E), as amended * * *[.]"  Section 1961(1)(B), Title 18, U.S. Code provides that "racketeering activity" includes any act which is indictable under Section 1955, Title 18, U.S. Code.

Section 1955, Title 18 involves prohibition against illegal gambling businesses.  An "illegal gambling business" includes a gambling business which is in violation of state law or a political subdivision where the illegal activity is conducted, and it involves five or more persons "who conduct, finance, manage, supervise, direct, or own all or part of such business."  Section 1955(b)(1)(i) and (ii), Title 18.  Additionally, the gambling business must have been "in substantially continuous operation for a period in excess of thirty days or has a gross revenue of $2,000 in any single day." Section 1955(b)(1)(iii).  "Gambling" includes, among other things, "pool-selling" and "bookmaking."  Section 1955(b)(2), Title 18.  The penalty for participating in or being part of an illegal gambling business may include a fine up to $20,000 and imprisonment of not more than five years.  Section 1955(a), Title 18.

Appellant contends that the indictment is sufficient to sustain a conviction under R.C. 2923.32.  Specifically, appellant points to the first predicate act in count one of the indictment and asserts that because Section 1955, Title 18, allows for imprisonment up to five years, the indictment satisfies the felony requirement in R.C. 2923.31(E).  In support, appellant relies on R.C. 2901.02(E) which states that:  "Any offense not specifically classified is a felony if imprisonment for more than one year may be imposed as a penalty."

Appellant's contentions lack merit.  Rather, we agree with the conclusions reached by the court of appeals on this matter.  See, also, State v. Rich (1993), 87 Ohio App.3d 194, 621 N.E.2d 1352.

R.C. 2923.31(E) is clear.  This statute sets forth, among other things, that a defendant's conduct falls within the meaning of a "pattern of corrupt activity" if the defendant has committed two or more incidents of corrupt activity.  Further, the General Assembly clearly expressed that in order for a defendant to be subject to criminal penalties contained in R.C. 2923.32 at least one of the incidents forming the pattern of illegal activity must constitute a felony under Ohio law.  And, if that incident is alleged to have been committed in violation of federal law or a law of a sister state, the illicit act must be classified as a felony under Ohio law as if the incident (defendant's conduct) was committed in this state.

Hence, given the well-defined intent of the General Assembly in this area, there is no room for judicial interpretation.  Clearly, the focus in a case such as this should not be on the penalty assessable by the foreign jurisdiction but, rather, on the actual act (incident) that was committed by the defendant.  Accord Rich at 197,

621 N.E.2d at 1354.  Accordingly, we find that the determination whether a federal offense or an offense committed in a sister state constitutes a felony for purposes of R.C. 2923.32 depends upon whether the actual act committed by the defendant would constitute a felony offense if committed in Ohio.  The classification of the offense imposed upon the defendant by the foreign jurisdiction has no bearing on the question.

The court of appeals held, and we agree, that the alleged violation by Morgan of Section 1955, Title 18, U.S. Code did not satisfy the requisite felony act in order to sustain a conviction under R.C. 2923.32.  Indeed, any conduct on the part of Morgan involving an alleged violation of this federal statute would not, under the circumstances, constitute a felony offense under Ohio law "if committed in this state."  Absent a previous gambling conviction, a gambling offense in this state is classified as a misdemeanor, not a felony.  See R.C. 2915.02(F) and 2915.03(B).  See, generally, State v. McDonald (1987), 31 Ohio St.3d 47, 50, 31 OBR 155, 157, 509 N.E.2d 57, 60, fn. 1; and State v. Volpe (1988), 38 Ohio St.3d 191, 194, 527 N.E.2d 818, 821.

Accordingly, we affirm the judgment of the court of appeals in all respects.

Judgment affirmed.

Moyer, C.J., A.W. Sweeney, Wright, Resnick, F.E. Sweeney and Pfeifer, JJ., concur.