THE STATE OF OHIO, APPELLANT AND CROSS-APPELLEE,
*v.* MORGAN, APPELLEE AND CROSS-APPELLANT.

[Cite as *State v. Morgan* (1994), 71 Ohio St.3d 178.]

(No. 93–1139—Submitted October 26, 1994—Decided December 14, 1994.)

179

*David L. Landefeld,* Fairfield County Prosecuting Attorney, and *Paul D. Morehart,* Assistant Prosecuting Attorney, for appellant and cross-appellee.

*Max Kravitz* and *William J. Holt,* for appellee and cross-appellant.

DOUGLAS, J. Upon our initial consideration, it appeared that the outcome of this case would hinge on the constitutionality of Ohio's corrupt activity law.

However, upon further review, it has become apparent deciding that question is not necessary to the determination of this appeal. Rather, the simpler question in this case is whether alleging a violation of Section 1955, Title 18, U.S.Code is sufficient to establish the requisite felony act needed to sustain a conviction for engaging in a pattern of corrupt activity under R.C. 2923.32(E).

Specifically at issue in this case is the first predicate act in count one of the indictment. It reads: "That, for a time period in excess of thirty days, to-wit: from January 1, 1984, through December 31, 1989, * * * James P. Morgan * * *, in violation of Title 18, United States Code Section 1955, did conduct, finance, manage, supervise, direct or own all or part of an illegal gambling business, to-wit: a bookmaking enterprise as defined by Ohio Revised Code Section 2915.01(1), operated out of a building * * * and/or house * * * in violation of Ohio Revised Code Section 2915.02(A)(1)[.]"

R.C. 2923.32(A)(1) provides that: "No person employed by, or associated with, any enterprise shall conduct or participate in, directly or indirectly, *the affairs of the enterprise through a pattern of corrupt activity* or the collection of an unlawful debt." (Emphasis added.) Further, subsection (B)(1) provides that a violation of R.C. 2923.32 is a first-degree felony.

The definition of "pattern of corrupt activity" is set forth in R.C. 2923.31(E). A pattern exists if there are *"two or more incidents of corrupt activity,* whether or not there has been a prior conviction, that are related to the affairs of the same enterprise, are not isolated, and are not so closely related to each other and connected in time and place that they constitute a single event." (Emphasis added.) This section further requires that at least one of the incidents forming the pattern must occur on or after January 1, 1986. Also, "[f]or the purposes of the criminal penalties that may be imposed pursuant to section R.C. 2923.32 of the Revised Code, *at least one of the incidents forming the pattern shall constitute a felony under the laws of this state or, if committed in violation of the laws of the United States or of any other state, would constitute a felony under the law of this state if committed in this state."* (Emphasis added.)

R.C. 2923.31(I)(1) provides that "corrupt activity" includes "engaging in, attempting to engage in, conspiring to engage in, or soliciting, coercing, or intimidating another person to engage in * * * [c]onduct defined as 'racketeering activity' under the 'Organized Crime Control Act of 1970,' 84 Stat. 941, 18 U.S.C. 1961(1)(B), (1)(C), (1)(D), and (1)(E), as amended * * *[.]" Section 1961(1)(B), Title 18, U.S.Code provides that "racketeering activity" includes any act which is indictable under Section 1955, Title 18, U.S. Code.

Section 1955, Title 18 involves prohibition against illegal gambling businesses. An "illegal gambling business" includes a gambling business which is in violation of state law or a political subdivision where the illegal activity is conducted, and it

involves five or more persons "who conduct, finance, manage, supervise, direct, or own all or part of such business." Sections 1955(b)(1)(i) and (ii), Title 18. Additionally, the gambling business must have been "in substantially continuous operation for a period in excess of thirty days or has a gross revenue of $2,000 in any single day." Section 1955(b)(1)(iii). "Gambling" includes, among other things, "pool-selling" and "bookmaking." Section 1955(b)(2), Title 18. The penalty for participating in or being part of an illegal gambling business may include a fine up to $20,000 and *imprisonment of not more than five years.* Section 1955(a), Title 18.

Appellant contends that the indictment is sufficient to sustain a conviction under R.C. 2923.32. Specifically, appellant points to the first predicate act in count one of the indictment and asserts that because Section 1955, Title 18 allows for imprisonment up to five years, the indictment satisfies the felony requirement in R.C. 2923.31(E). In support, appellant relies on R.C. 2901.02(E), which states that: "Any offense not specifically classified is a felony if imprisonment for more than one year may be imposed as a penalty."

Appellant's contentions lack merit. Rather, we agree with the conclusions reached by the court of appeals on this matter. See, also, *State v. Rich* (1993), 87 Ohio App.3d 194, 621 N.E.2d 1352.

R.C. 2923.31(E) is clear. This statute sets forth, among other things, that a defendant's conduct falls within the meaning of a "pattern of corrupt activity" if the defendant has committed two or more *incidents* of corrupt activity. Further, the General Assembly clearly expressed that in order for a defendant to be subject to criminal penalties contained in R.C. 2923.32 at least one of the *incidents* forming the pattern of illegal activity must constitute *a felony under Ohio law.* And, if that *incident* is alleged to have been committed in violation of federal law or a law of a sister state, the illicit act must be classified as a *felony* under Ohio law *as if the incident (defendant's conduct) was committed in this state.*

Hence, given the well-defined intent of the General Assembly in this area, there is no room for judicial interpretation. Clearly, the focus in a case such as this should not be on the penalty assessable by the foreign jurisdiction but, rather, on the actual act (incident) that was committed by the defendant. Accord *Rich* at 197, 621 N.E.2d at 1354. Accordingly, we find that the determination whether a federal offense or an offense committed in a sister state constitutes a felony for purposes of R.C. 2923.32 depends upon whether the actual act committed by the defendant would constitute a felony offense if committed in Ohio. The classification of the offense imposed upon the defendant by the foreign jurisdiction has no bearing on the question.

The court of appeals held, and we agree, that the alleged violation by Morgan of Section 1955, Title 18, U.S.Code did not satisfy the requisite felony act in order to sustain a conviction under R.C. 2923.32. Indeed, any conduct on the part of Morgan involving an alleged violation of this federal statute would not, under the circumstances, constitute a felony offense under Ohio law "if committed in this state." Absent a previous gambling conviction, a gambling offense in this state is classified as a *misdemeanor*, not a felony. See R.C. 2915.02(F) and 2915.03(B). See, generally, *State v. McDonald* (1987), 31 Ohio St.3d 47, 50, 31 OBR 155, 157, 509 N.E.2d 57, 60, fn. 1; and *State v. Volpe* (1988), 38 Ohio St.3d 191, 194, 527 N.E.2d 818, 821.

Accordingly, we affirm the judgment of the court of appeals in all respects.

*Judgment affirmed.*

MOYER, C.J., A.W. SWEENEY, WRIGHT, RESNICK, F.E. SWEENEY and PFEIFER, JJ., concur.