The STATE of Ohio, Appellee,

v.

CAMERON, Appellant.

[Cite as *State v. Cameron* (1998), 129 Ohio App.3d 457.]

Court of Appeals of Ohio,
Ninth District, Lorain County.

No. 97CA006932.

Decided Aug. 19, 1998.

*Gregory A. White,* Lorain County Prosecuting Attorney, and *Jonathan E. Rosenbaum,* Chief Counsel, Criminal Division, for appellee.

*Kenneth M. Lieux,* for appellant.

SLABY, Presiding Judge.

Defendant-appellant, Trent Cameron, appeals the sentence of the Lorain County Court of Common Pleas that requires him to pay the funeral expenses of the victim of a car accident and suspends his license for three years. We affirm in part and reverse in part.

Defendant was involved in an automobile accident that occurred on October 13, 1994. This incident resulted in the death of Scott A. Kent. On February 21, 1996, defendant was indicted by the Lorain County Grand Jury for aggravated vehicular homicide in violation of R.C. 2903.06(A), involuntary manslaughter in violation of R.C. 2903.04, reckless operation in violation of R.C. 4511.20, and exceeding speed limits in violation of R.C. 4511.21(A). Defendant pled guilty to aggravated vehicular homicide, a third-degree felony. The trial court sentenced defendant to an indefinite prison term of two to ten years, suspended defendant's

driver's license for three years, and ordered defendant to pay restitution for the victim's funeral expenses.

Defendant timely appeals and raises a single assignment of error:

"The trial court [erred] in imposing a sentence which (A) required the payment of funeral costs and expenses, in contravention of Ohio Revised Code Sec. 2929.11; and (B) suspended appellant's driving privileges for three (3) years, in contravention of [R.C.] 2903.06 and [R.C.] 2929.11."

Defendant contends that the trial court erred in imposing a three-year suspension of his driver's license and in ordering defendant to pay restitution for the victim's funeral expenses. We agree with defendant regarding the funeral expenses, but we disagree with defendant regarding the three-year suspension of his license.

■ The state, the appellee, contends that defendant waived his right to appeal the sentence because he failed to make objections in the trial court. See *State v. Comen* (1990), 50 Ohio St.3d 206, 211, 553 N.E.2d 640, 645–646. Nonetheless, a trial court's authority to impose sentences stems from statutory authority. See R.C. 2901.03; *State v. Smith* (1989), 42 Ohio St.3d 60, 61, 537 N.E.2d 198, 200–201. Plain error may result when a trial court imposes a sentence that is not authorized by statutory provisions. See *State v. Jennings* (1987), 42 Ohio App.3d 179, 183, 537 N.E.2d 685, 689. In the case at bar, defendant did not waive his ability to challenge his sentence.

■ R.C. 2903.06 provides authority for a trial court to permanently revoke a defendant's license. Under this authority, the trier of fact must make a finding that the defendant was under the influence of alcohol. See R.C. 2903.06(B). We agree with defendant that such a finding was not made in the case at bar, but we disagree with defendant that such a finding is required in order for a trial court to suspend his license in light of the defendant's pleading guilty to R.C. 2903.06. R.C. 4507.16 provides the statutory authority for a trial court to suspend a defendant's license for thirty days to three years when certain conditions apply. R.C. 4507.16(A)(7) requires a trial court to suspend a defendant's driver's license for at least thirty days to three years if the defendant pleads guilty to or is found guilty of R.C. 2903.06. In order to permanently revoke a license, a trier of fact must make a finding that defendant was under the influence of alcohol. However, the suspension of a license for thirty days to three years requires only that a defendant has been found guilty of or has pled guilty to R.C. 2903.06, aggravated vehicular homicide. Accordingly, we find that the trial court did not err by suspending defendant's license for three years. We now turn to defendant's contentions regarding the ordering of payment of the funeral expenses.

 The General Assembly prescribes punishments for crimes committed within this state. See R.C. 2901.03; *State v. Smith* (1989), 42 Ohio St.3d 60, 61, 537 N.E.2d 198, 200–201; *State v. Air Clean Damper Co.* (1990), 63 Ohio App.3d 656, 658, 579 N.E.2d 763, 764–765. R.C. 2901.04(A) provides that criminal statutes "shall be strictly construed against the state, and liberally construed in favor of the accused." See *State v. Morgan* (1994), 71 Ohio St.3d 178, 179, 642 N.E.2d 1090, 1091. R.C. 2929.11(A) outlines three categories of penalties for a convicted felon:

"Whoever * * * pleads guilty to a felony other than aggravated murder or murder * * * shall be imprisoned for an indefinite term and, in addition, may be fined or required to make restitution, or both."

R.C. 2929.11(E) provides that "[t]he court * * * may require a person who is convicted of or pleads guilty to a felony to make restitution for all or part of the *property* damage that is caused by his offense * * *." (Emphasis added.) In construing these statutory provisions with regard to a trial court imposing funeral expenses upon a defendant found guilty of aggravated vehicular homicide, the Eleventh District Court of Appeals maintained:

"Financial losses that occur in the course of a theft offense are different in nature from those in the present case that are for funeral and medical expenses resulting from an automobile accident. While property, as that term is used in R.C. 2929.11(E), may include financial losses resulting from a theft offense, it does not include funeral or medical expenses that result from aggravated vehicular homicides. * * * *State v. Morgan* (1994), 71 Ohio St.3d 178, 179, 642 N.E.2d 1090, 1091. * * * [W]e hold that a trial court lacks authority to order restitution for non-property damages pursuant to R.C. 2929.11(E) and 2951.02(C)." *State v. Bede* (1996), 114 Ohio App.3d 585, 589, 683 N.E.2d 817, 820.

 Furthermore, a trial court lacks authority under R.C. 2929.21(E) to order a defendant to pay medical bills and funeral expenses. See *State v. Theuring* (1988), 46 Ohio App.3d 152, 157, 546 N.E.2d 436, 440; *State v. Swan* (1988), 51 Ohio App.3d 141, 142, 554 N.E.2d 1374, 1375; *State v. Orr* (1985), 26 Ohio App.3d 24, 26, 26 OBR 192, 194–195, 498 N.E.2d 181, 183. R.C. 2929.11(E) addresses restitution for third- and fourth-degree felonies, and R.C. 2929.21(E) refers to restitution for misdemeanors. Both statutory provisions specifically allow for restitution for "property" damage. Based on the foregoing, we find that the trial court erred by ordering defendant to pay the funeral expenses of the victim in the case at bar.

We affirm the portion of defendant's sentence imposing a three-year suspension of his driver's license as being in accordance with R.C. 4507.16(A)(7). Because we find that the trial court's imposition of the payment of funeral costs

had no statutory basis, we must vacate that portion of his sentence. See App.R. 12(A)(1)(a).

*Judgment accordingly.*

BAIRD and CACIOPPO, JJ., concur.

MARY CACIOPPO, J., retired, of the Ninth Appellate District, sitting by assignment.