OPINION
On December 31, 1998, Steven L. Kimmle was indicted by a Franklin County grand jury on a single count of receiving stolen property ("RSP"), in violation of R.C. 2913.51, a felony of the fourth degree. The charge arose from the December 1998 theft of an automobile belonging to "Sherley[1] Sheets and/or Gregory Sheets."
On January 22, 1999, following plea negotiations, Mr. Kimmle pled guilty as charged in the indictment. The trial court ordered that a presentence investigation report ("PSI") be prepared and scheduled a sentencing date for March 12, 1999.
Pursuant to an entry journalized March 16, 1999, the trial court ultimately imposed a prison sentence of fifteen months (less eighty days of jail credit), noting the PSI's review of Mr. Kimmle's "horrendous" record of prior offenses. In addition, the court ordered that he "pay restitution in the amount of $4,640.91 to Sherley Sheets." The restitution amount reflected the victims' claimed damages to the vehicle itself (resulting from a passenger opening the door into another object), and the loss of personal property that had been taken from the car. The entry also contained the following provision:
 The court has considered the defendant's present and future ability to pay a fine and financial sanction and does, pursuant to R.C. 2929.18, hereby render judgment for the following fine and/or financial sanctions: FINE AND COURT COSTS WAIVED. (Entry at 1. Emphasis sic.)
Steven L. Kimmle (hereinafter "appellant") has timely appealed the trial court's restitution order, assigning two errors for our consideration:
 FIRST ASSIGNMENT OF ERROR THE TRIAL COURT'S RESTITUTION ORDER IMPOSED IN ADDITION TO THE FIFTEEN (15) MONTH PRISON SENTENCE VIOLATED MR. KIMMLE'S RIGHT TO DUE PROCESS AS GUARANTEED BY THE UNITED STATES AND OHIO CONSTITUTIONS.
 SECOND ASSIGNMENT OF ERROR IT WAS PLAIN ERROR FOR THE TRIAL COURT TO ORDER RESITUTION WITHOUT HAVING A HEARING TO DETERMINE DEFENDANT'S ABILITY TO PAY RESTITUTION.
By his first assignment of error, appellant argues that the trial court improperly ordered restitution for a crime "for which defendant was not convicted or even charged;" as a result, appellant was denied due process. For the reasons which follow, we sustain appellant's first assignment of error to the extent that it contends that appellant was denied due process of law, but for different reasons than those raised by appellant.
The trial court had no statutory authority to order restitution in this case. In a recent, well-reasoned opinion, one released subsequent to the parties' briefing of this case, the Twelfth Appellate District held:
 A sentencing court's authority to order restitution is governed by R.C. 2929.18 which states in part as follows: "Financial sanctions that may be imposed pursuant to this section include, but are not limited to, the following: (1) Restitution by the offender to the victim of the offender's crime or any survivor of the victim, in an amount based on the victim's economic loss." (Emphasis added.) R.C. 2929.18(A) (1). The Ohio Revised Code defines "economic loss" as "any economic detriment suffered by a victim as a result of criminally injurious conduct and includes * * * any property loss, medical cost, or funeral expense incurred as a result of the criminally injurious conduct." (Emphasis added.) R.C. 2929.01(N). We must then turn to R.C. 2929.01(G) which provides as follows: "`Criminally injurious conduct' means any conduct of the type that is described in division (C) (1) or (2) of section 2743.51 * * * of the Revised Code and that occurs on or after July 1, 1996 * * *." Finally, R.C. 2743.51 defines "criminally injurious conduct" as "any conduct that * * * poses a substantial threat of personal injury or death * * *." (Emphasis added.) R.C. 2743.51(C) (1).
State v. Ward (Oct. 11, 1999) Madison App. No. CA98-12-039, at 8-10. Tracking the relevant statutory language, the court's analysis results in a reasonable conclusion that restitution is a statutorily valid sanction only to compensate victims for crimes that "pose the threat of personal injury or death." Id. We agree. Clearly, under the facts of this case, appellant's RSP offense did not pose a threat of bodily injury or death within the meaning of the statute.
The potential counter-argument, one which was posed inWard, submits that R.C. 2929.18 should be construed broadly such that "financial sanctions `include, but are not limited to' restitution." Id. In rejecting such an argument, Ward recognized the well-established rule that courts are obliged to construe all criminal statutes strictly against the state and liberally infavor of the accused. Id., citing State v. Morgan (1994),71 Ohio St.3d 178, 179, and R.C. 2901.04(A). (Emphasis added.)
The state legislature is well aware of the defect in the law as it now exists. In a footnote, the Ward court noted that "proposed Senate Bill 107 would correct this inadvertent limitation on the trial court's authority to impose restitution."Id., fn. 3. Indeed, subsequent to the release of Ward, S.B. No. 107 has since been passed by both houses of the General Assembly and is in the process of preparation for presentation to the Governor. As relevant here, the amendment would change R.C.2929.01's definitional section to alter the definition of "economic loss" by striking the "criminally injurious conduct" language and replacing it with "commission of a felony." The intended effect of the amendment is clearly to allow restitution for crimes not necessarily involving bodily injury or death.
Given the foregoing, we sustain the first assignment of error to the extent that it contends that appellant was denied due process because the trial court imposed an unlawful sentence upon him. Since appellant's offense posed no threat of personal injury or death to the victim, we hold that the restitution order imposed by the trial court was not authorized under existing law. Thus, that portion of the trial court's judgment must be vacated.
Having sustained appellant's first assignment of error, this cause is reversed and remanded for resentencing consistent with this opinion.
Our disposition of the first assignment of error renders appellant's second assignment of error moot. See App.R. 12.
Judgment reversed and cause remanded.
KENNEDY and BROWN, JJ., concur.
[1] The record variously refers to both "Sherley" and "Shirley" Sheets. For purposes of consistency, we use the former spelling, that which was designated in the indictment.