OPINION
{¶ 1} In these consolidated appeals, plaintiff-appellant, Yvonne D. Webb-Lewis, appeals from judgments of the Franklin County Court of Common Pleas, including the court's granting of summary judgment in favor of defendant-appellee, Huntington National Bank ("Huntington").
 {¶ 2} On June 7, 2003, appellant and Sidney T. Lewis (collectively "plaintiffs") filed a complaint, naming as defendants J.E. Wiggins Co., Paul Lappert and Huntington. Plaintiffs' complaint alleged causes of action for negligence, "infliction of stress," breach of contract, unfair and deceptive trade practices, and a violation of R.C. 5747.19.
 {¶ 3} On November 28, 2003, plaintiffs filed a motion for partial summary judgment against Huntington, as well as a motion to dismiss "all other claims except those pursuant to O.R.C. §5747.19." In the motion, plaintiffs sought partial summary judgment against Huntington based upon the contention that there were no genuine issues as to any material facts "regarding the `incomplete, false, or otherwise inaccurate' reported interest income on Internal Revenue Service tax form 1099, for the taxable year of 2001, regarding the individual tax return of Vacy O. Webb."
 {¶ 4} On December 15, 2003, Huntington filed a memorandum contra plaintiffs' motion for partial summary judgment. Attached to the memorandum was the affidavit of Steven Smith, Huntington's "Information Reporting Manager." In the affidavit, Smith averred that, on October 21, 2001, appellant redeemed approximately 196 E/EE bonds at one of Huntington's banking offices. Smith further averred that, because the original description on the bonds indicated that they belonged to Vacy O. Webb, Huntington "reported the interest as income earned by the estate of Mr. Webb, deceased, using Mr. Webb's Social Security number as provided on the bonds," and that such action was pursuant to Huntington's customary practice of reporting interest income based upon the original inscription of the bonds. Finally, Smith averred that appellant called Huntington on May 21, 2003, and requested a tax identification number change so that the interest from the bonds would be reported to the Internal Revenue Service ("IRS") as interest of "Vacy O. Webb Irrevocable Trust and not of Mr. Webb, deceased." According to Smith, "[w]ithin one business day, the Huntington completed this requested TIN change and issued correct 1099-INT forms." On December 29, 2003, plaintiffs filed a motion to strike the affidavit of Steven Smith.
 {¶ 5} On January 26, 2004, the trial court filed a decision granting plaintiffs' motion to dismiss their "non-O.R.C. 5747.19
claims" filed on November 28, 2003, and denying plaintiffs' motion to strike filed December 29, 2003. The decision of the trial court was journalized by judgment entry filed on February 11, 2004.
 {¶ 6} On March 19, 2004, Huntington filed a motion for summary judgment as to plaintiffs' remaining claim for relief under R.C. 5747.19. On March 26, 2004, plaintiff Sidney Lewis (individually "plaintiff Lewis") filed a "motion to withdraw motion to dismiss all claims on the grounds of a clerical mistake, error, inadvertence, and excusable neglect pursuant to Civil Rule 60(A) and (B)." On March 26, 2004, appellant filed a memorandum contra Huntington's motion for summary judgment. Also on March 26, 2004, appellant filed a motion to set aside the trial court's entry of February 11, 2004 "due to excusable neglect and mistake." On April 6, 2004, appellant filed an amended motion to set aside the trial court's February 11, 2004 entry on the basis that such entry "fails to include the language mandated by Civil Rule 54(B)," and because "said judgment entry infringes * * * `procedural due process rights.'"
 {¶ 7} By decision filed April 23, 2004, the trial court granted Huntington's motion for summary judgment, denied plaintiff Lewis' motion to withdraw the motion to dismiss all claims, and denied appellant's motion to set aside the court's entry filed March 26, 2004. The decision of the trial court was journalized by judgment entry filed on May 20, 2004. Appellant filed a request for findings of fact and conclusions of law. By entry filed July 23, 2004, the trial court denied appellant's requested findings of fact and conclusions of law, as well as appellant's amended motion to set aside the April 6, 2004 entry.
 {¶ 8} Appellant filed three separate notices of appeal, which this court consolidated (case Nos. 04AP-469, 04AP-544 and 04AP-668) for purposes of briefing and oral argument. On appeal, appellant has filed two pro se briefs. Appellant's first brief, filed on June 2, 2004 ("June 2, 2004 brief") in appeal Nos. 04AP-469 and 04AP-544, contains the following five assignments of error for review:
1. The trial court erred in its April 23, 2004 decision and entry finding counts two and three disposed of in the February 11, 2004 entry as a final appealable order when said order failed to contain the mandatory appealable language, "no just reason for delay" pursuant to Civil Rule 54(B).
2. The trial court erred in its May 20, 2004 decision and entry denying appellant's motion to withdraw their March 26, 2004 motion to dismiss claims finding counts two and three raised in said motion to be disposed of in the February 11, 2004 entry as a final appealable order when said order failed to contain the mandatory appealable language, "no just reason for delay" pursuant to Civil Rule 54(B).
3. The trial court erred in its February 11, 2004 decision and entry granting appellant's motion to dismiss all other claims without a[n] evidentiary hearing to determine whether or not the motion to dismiss was induced by appellees infliction of emotion[al] [di]stress, with appellees fraud upon the court, i.e. "confusion" and "unfair and deceptive trade practices" as inclusive in counts two and three raised in the complaint prior to the February 11, 2004 entry as no final appealable order was rendered to appeal the "unfair and deceptive trade practices" claims which contain the mandatory appealable language, "no just reason for delay" pursuant to Civil Rule 54(B) prior to May 20, 2004.
4. The trial court erred in its April 23, 2004 decision and entry when failing to rule on appellant's April 6, 2004 amended motion to set aside judgment entry of February 11, 2004 entry as a final appealable order, said order failed to contain the mandatory appealable language, "no just reason for delay" pursuant to Civil Rule 54(B) and infringed appellants "due process" right to file a timely appeal regarding the false affidavit of Steven Smith attached to the motion for summary judgment pursuant to the 14th Amendment of the U.S. Constitution, and the Ohio Constitution, Section 1, Article 16, while infringing appellants right to withdraw their November 28, 2003 motion to dismiss.
5. The trial court erred in its May 20, 2004 decision and entry when it amended the February 11, 2004 judgment entry to include the mandatory appealable language, "no just reason for delay" pursuant to Civil Rule 54(B), after the court failed to rule on appellant's April 6, 2004 amended motion to set aside judgment entry of February 11, 2004 entry as a final appealable order, said order failed to contain the mandatory appealable language, "no just reason for delay" pursuant to Civil Rule 54(B) and infringe appellants right to withdraw the November 28, 2003 motion to dismiss.
 {¶ 9} Appellant also filed, on September 9, 2004, a document styled "perfected" brief (hereafter "perfected brief"), encompassing issues raised in appeal No. 04AP-668, and containing the following six assignments of error for review:
I. It is reversible error for the trial court to arbitrarily convert Appellant's involuntary motion to dismiss under Civ.R. 41(A)(2) to a motion to amend complaint pursuant to Civil Rule 15(A) then simultaneously dismiss the "equitable claims" under Civil R. 41(B)(1) without judicial notice to the opposing and plaintiff parties, nor affording the parties to the action opportunity to be heard in opposition or support was reversible error and an infringement of "Procedural Due Process" pursuant to the procedural "due process" safeguards under the Ohio and U.S. Constitutions, 14th Amend., and the mandates of Civil R. 41(B)(1) and the Supreme Court's ruling in LOGSDON et al., Appellants, v. NICHOLS, Appellee, 72 Ohio St.3d 124; 1995 Ohio 225.
II. It is prejudicial and reversible error for the trial court to set forth its July 23, 2004, Judgment Entry and Decision of June 30, 2004 falsely implying or expressing that Appellant filed a "notice" of "voluntary dismissal" under Civ.R. 41(A)(1), when in fact the Appellant, Yvonne D. Webb-Lewis didn't sign the "motion" requesting the Court's authority under Civ.R. 41(A)(2), evidenced by the trial court's action to rule on the "motion" as an "involuntary dismissal" pursuant to Civil Rule 15(A) and Civ.R. 41(B)(1), in the Decision rendered on June 29, 2004, and filed in this matter on June 30, 2004, at page 6, lines 18 — 20, and finalized by the July 23, 2004 Judgment Entry.
III. It is an infringement of the Ohio Constitution, SECTION 1; Article 16, and the United States Constitution, 14th Amendment, "procedural due process," to deny a litigant the "Right of Appeal" of a judicial action which terminates "equitable claims" as a "Substantive Right" pursuant to O.R.C. § 2505.02(A)(1) under Civil Rule 41(B)(1) without "Judicial Notice" served upon the parties pursuant to Civ.R. 58(B) to inform him of the Courts intentions to convert a Civ.R. 41(A)(2) motion to that of an unamendable and unreviewable "equitable pleading" pursuant to Civ.R. 15(A), then to an "involuntary dismissal" pursuant [to] Civ.R. 41(B)(1), without "judicial notice."
IV. It is reversible error for the trial court to infringe the Ohio Constitution, SECTION 1; Article 16, and the United States Constitution, 14th Amendment, procedural "due process", by excluding the mandatory language pursuant to Civil Rule 54(B) "No Just Reason For Delay" upon the Partial Summary Judgment Entry of February 11, 2004 which affected "equitable claims" as "property rights" before issuing complete Summary Judgment on other "equitable claims" on April 23, 2004, to achieve a termination of the litigation regarding one of multiple party defendants to this case on July 23, 2004, when a demonstration of material facts remain in dispute regarding, an affidavit, the judicial non-compliance with the mandates of Civ.R. 54(B), O.R.C. §2505.02(A)(1), and Civ.R. 41(B)(1) "involuntary dismissal" rendered on July 21, 2004 and filed July 23, 2004.
V. It is reversible error for the trial court to ignore a "conflict of material facts" presented by Appellant in a Motion filed April 6, 2004, under Civ.R. 60(B) filed on the issue of whether or not the trial court can rely on "false" or otherwise "Hearsay Evidence" in support, or opposition, of Appellants' Motion for Partial Summary Judgment filed on November 28, 2003. The conflict arose as it is unlawful for the Appellee, The Huntington, to make or use any "false writing," Affidavit, or document knowing it to contain any false, fictitious, or fraudulent statement purporting to be of "Personal Knowledge" pursuant to O.R.C. § 1127.01(B)(5). Appellee, The Huntington did proffer an affidavit of STEVEN SMITH, an employee of the Appellee, who purports to possess "personal knowledge" of the subject banking transaction as gained "firsthand" through one of his five senses, when in fact STEVEN SMITH acquired his knowledge through "secondhand" information and documents supplied by DORIS MOWERY, also an employee of Appellee, who in fact was present at the making of the subject transaction to actually gain true "personal knowledge" from "firsthand" participation in the subject bank transactions.
VI. It is reversible error by the Court to involuntarily dismiss Appellant's "equitable claims" regarding liability for "professional negligence" committed by Appellee, Huntington National Bank in commercial banking transactions when evidence of record in the form of a corrected I.R.S. tax form 1099 reveals a factual error occurred by Appellee, Huntington National Bank's admission that it created the corrected I.R.S. tax form 1099 as in the record. Based on a "presumable fact" under Evid.R. 301, that a corrected I.R.S. tax form 1099 was proceeded by a defective I.R.S. tax form 1099 and the presumption imposes a "duty on the Huntington," the party against whom the defective I.R.S. tax form 1099 is directed, the burden of going forward with evidence to rebut or meet the presumption. Failure of Huntington to demonstrate its rebuttal of the presumption before "involuntary dismissal," by the Court, is evidence of liability for causing the Appellant's injury.
 {¶ 10} At the outset, we note that the assignments of error contained in appellant's June 2, 2004 brief are not separately argued, as required by App.R. 16(A)(7). It would appear that the primary issue raised by appellant in the June 2, 2004 brief is whether the trial court erred in failing to provide Civ.R. 54(B) certification language in its February 11, 2004 entry. While App.R. 12(A)(2) permits this court to disregard assignments of error that are not separately argued, the above issue will be addressed in conjunction with our consideration of a similar argument raised under the fourth assignment of error in appellant's perfected brief.
 {¶ 11} The first, second and third assignments of error raised in appellant's perfected brief are interrelated and will be considered together. Under these assignments of error, appellant argues that the trial court erred in the manner in which it dealt with appellant's motion to dismiss all but one of her claims against Huntington.
 {¶ 12} As noted under the facts, on November 28, 2003, plaintiffs filed a motion for partial summary judgment against Huntington, as well as a "motion to dismiss all other claims except those pursuant to O.R.C. § 5747.19." In a memorandum contra plaintiffs' motion for partial summary judgment, Huntington noted that, to the extent plaintiffs sought to dismiss all claims against Huntington except those purportedly arising under R.C. 5747.19, Huntington did not oppose the motion. The trial court filed an entry on February 11, 2004, granting plaintiffs' motion to dismiss, without prejudice, all "non-statutory claims" against Huntington, "including any claims for negligence and breach of contract."
 {¶ 13} On March 26, 2004, plaintiff Lewis filed a "motion to withdraw motion to dismiss all claims" pursuant to Civ.R. 60(A) and (B). In the accompanying memorandum in support, plaintiff Lewis argued that the motion to dismiss was "unintentionally and inadvertently" submitted to the court without proper endorsement. Similarly, on March 26, 2004, appellant filed a motion to set aside the court's February 11, 2004 entry. In her accompanying memorandum, appellant argued that plaintiff Lewis was not authorized to sign the motion to dismiss. On April 6, 2004, appellant filed her amended motion to set aside the trial court's February 11, 2004 entry on the basis that such entry failed to include Civ.R. 54(B) language.
 {¶ 14} By decision filed April 23, 2004, the trial court denied plaintiffs' motion to withdraw their motion to dismiss their non-statutory claims, noting in part that "Civ.R. 60(A) does not concern the withdrawal of motions," and that "plaintiffs' argument does not concern a `clerical error' which would invoke Civ.R. 60(A)." The trial court also subsequently denied appellant's amended motion to set aside the court's February 11, 2004 entry for failure to include Civ.R. 54(B) certification language.
 {¶ 15} The arguments in appellant's pro se brief are somewhat difficult to follow, but appellant appears to initially contend that the trial court erred in converting her motion to dismiss all but one of her claims, pursuant to Civ.R. 41(A)(2), to a motion to amend, under Civ.R. 15(A); appellant asserts that, before dismissing the claims, the court was required to give "judicial notice" under Civ.R. 41(B)(1).
 {¶ 16} As noted above, appellant filed a motion seeking to dismiss all claims except for the claim purportedly brought under R.C. 5747.19. Because appellant was seeking to dismiss less than all of several claims, the court construed appellant's motion as one to amend under Civ.R. 15(A), which allows for a party to amend his or her pleading "by leave of court or by written consent of the adverse party." Further, under Civ.R. 15(A), leave to amend "shall be freely given when justice so requires." Id.
 {¶ 17} Case law supports the trial court's determination that a motion to voluntarily dismiss less than all claims in a multi-count complaint is properly treated as an amendment under Civ.R. 15(A). See Ebner Furnaces, Inc. v. Lee Wilson, Inc.
(Sept. 25, 1996), Medina App. No. 2586-M ("[a]mendment to a complaint pursuant to Civ.R. 15(A) is the proper procedure to dismiss claims in a multicount complaint"); Woessner v. Jacobs,
(Jan. 20, 1999), Allen App. No. 1-98-49 (amendment of complaint under Civ.R. 15[A], rather than voluntary dismissal under Civ.R. 41[A] is proper procedure to dismiss a single claim of a multi-count complaint; thus, where appellants sought to remove from consideration a malpractice claim, "[t]his withdrawal of issues was done by stipulation and agreement of the adverse party as if by amendment"). We note that a number of federal courts have also adopted this view. See Ethridge v. Harbor House Rest.
(C.A.9, 1988), 861 F.2d 1389, 1392 ("Federal Rule of Civil Procedure 15(a) is the appropriate mechanism `[w]here a plaintiff desires to eliminate an issue, or one or more but less than all of several claims, but without dismissing as to any of the defendants'"), quoting 5 J. Moore, J. Lucas J. Wicker,Moore's Federal Practice ¶ 41.06-1, at 41-83 to 84 (1987);Jones v. Scientific Colors, Inc. (N.D.Ill. 2001), No. 99 C 1959, 2001 WL 883689 ("[t]he parties rightly recognize that plaintiffs' proposed withdrawal of a single claim, or a part thereof, but not others, is properly treated as an amendment under Fed.R.Civ.P. 15[a], rather than a voluntary dismissal under Fed.R.Civ.P. 41[A][2]"); Boyce v. Augusta-Richmond County
(S.D.Ga. 2000), 111 F.Supp.2d 1363, 1374 ("[b]ecause the Plaintiffs do not seek to dismiss the entire action, but only request dismissal of four claims from their complaint, the Court construes the motion as a Rule 15[a] motion to amend").
 {¶ 18} Regarding appellant's contention that the trial court erred in failing to provide notice, one commentator has noted that, in instances in which the parties have consented to dismissal of certain claims, "[t]he pleader's right to amend is not subject to the court's discretion and the court must permit the amendment to be filed." 6 Wright, Miller Kane, Federal Practice and Procedure (1990) 700, Section 1490. In the instant case, Huntington expressly represented, in its memorandum contra appellant's motion for partial summary judgment, that it did not oppose the withdrawal of appellant's non-R.C. 5747.19 claims. The trial court, in its June 30, 2004 decision, noted that Huntington "consented to plaintiffs' decision to drop their non-O.R.C.5747.19 claims." Under these circumstances, the parties did not need the trial court's "considered participation" in order to effectuate the dismissal of some of the claims. American StatesIns. Co. v. Dastar Corp. (C.A.9, 2003), 318 F.3d 881, 888. See, also, United States v. Graham County Soil Water ConservationDist. (W.D.N.C. 2002), No. 2:01CV19-T, 2002 WL 31465323 ([b]y filing amended complaint under Civ.R. 15[A], "plaintiffs have, of their own accord, voluntarily dismissed such defendants, which is a dismissal requiring no further action to effectuate as a matter of law"). Accordingly, we conclude that the trial court properly treated the motion under Civ.R. 15, and that the court did not deprive appellant due process by failing to provide notice.
 {¶ 19} Appellant also contends that her own motion to dismiss contained a violation of Civ.R. 11, based upon her contention that plaintiff Lewis failed to sign the motion. However, a review of the motion in which plaintiffs sought to dismiss all claims except those purportedly arising under R.C. 5747.19 indicates that both appellant and plaintiff Lewis signed the certificate of service appearing below language whereby plaintiffs moved the court "to dismiss such claims asserted against said Defendant." In addressing appellant's motion to set aside the February 11, 2004 entry, the trial court, in its April 23, 2004 decision, noted, "plaintiffs fail to cite any legal authority which supports their argument that the motion violated Civ.R. 11 because one of the plaintiffs did not sign the motion or which would permit them to benefit from their own violation of the Civil Rules." The trial court further noted, "plaintiffs had an opportunity to review both the January 26, 2004 decision and the February 11, 2004 entry but did not indicate their approval or rejection of the entry when it was circulated." Upon review, we find that the trial court did not err in failing to grant appellant's motion to set aside the February 11, 2004 entry based upon plaintiffs' own purported violation of Civ.R. 11.
 {¶ 20} Based upon the foregoing, appellant's first, second and third assignments of error in her perfected brief are without merit and are overruled.
 {¶ 21} Appellant's fourth assignment of error in the perfected brief, and the first, second, third, fourth and fifth assignments of error raised in appellant's June 2, 2004 brief are interrelated and will be considered together. Under these assignments of error, appellant asserts that the trial court erred in failing to include, pursuant to Civ.R. 54(B), "no just reason for delay" language in the court's February 11, 2004 entry. We disagree.
 {¶ 22} In general, Civ.R. 54(B) is designed for situations where there are multiple claims or parties, and there is an otherwise final adjudication of less than all of the claims or rights of the parties. Ball v. Bailey (Mar. 27, 2002), Scioto App. No. 01CA2759. In such cases, the effect of Civ.R. 54(B) is procedural in nature, and the rule "permits both the separation of claims for purposes of appeal and the early appeal of such claims, within the discretion of the trial court." Alexander v.Buckeye Pipe Line Co. (1977), 49 Ohio St.2d 158, 159.
 {¶ 23} We note that appellant does not cite any authority for the proposition that her voluntary dismissal of the non-statutory claims constituted a "final adjudication" of those claims on the merits. However, assuming that the court's February 11, 2004 entry was a final order, the trial court did not abuse its discretion in failing to include Civ.R. 54(B) language. Keeping in mind that appellant voluntarily chose to dismiss all but one of her claims, the effect of the court's entry was merely to grant appellant the relief she sought and, as such, the order cannot be characterized as adverse to appellant. See OhioContract Carriers Assn., Inc. v. Pub. Util. Comm. (1942),140 Ohio St. 160 ([u]nder Ohio law, a party may only appeal if he or she is aggrieved by a final order); In the Matter of Ball v.Ball (Dec. 30, 1994), Portage App. No. 93-P-0054 (where appellant was awarded exactly what she was seeking, "she cannot be considered an aggrieved party as her rights have not been adversely affected by the trial court's judgment"). Finding no abuse of discretion, the fourth assignment of error in appellant's perfected brief, and the first, second, third, fourth and fifth assignments of error set forth in appellant's June 2, 2004 brief are without merit and are overruled.
 {¶ 24} We will address the fifth and sixth assignments of error contained in appellant's perfected brief in inverse order. Under the sixth assignment of error, appellant argues that the trial court erred in granting summary judgment in favor of Huntington.
 {¶ 25} This court conducts a de novo review of the trial court's granting of summary judgment, applying the same standards as set forth in Civ.R. 56(C). Baiko v. Mays (2000),140 Ohio App.3d 1, 7. Pursuant to Civ.R. 56(C), before summary judgment may be granted, the court must first determine that: (1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence construed most strongly in his or her favor. State exrel. Grady v. SERB (1997), 78 Ohio St.3d 181, 183.
 {¶ 26} At issue under this assignment of error is whether the trial court erred in granting summary judgment in favor of Huntington on appellant's claim for relief under R.C. 5747.19. Appellant maintains that a genuine issue of material fact exists regarding whether Huntington created a false IRS tax form 1099.
 {¶ 27} R.C. 5747.19 provides as follows:
No person shall knowingly fail to file any return or report required to be filed by this chapter, or file or knowingly cause to be filed any incomplete, false, or fraudulent return, report, or statement, or aid or abet another in the filing of any false or fraudulent return, report, or statement.
 {¶ 28} In the trial court's January 26, 2004 decision, the court denied plaintiffs' motion for partial summary judgment as to their statutory claim on the grounds that plaintiffs failed to present any evidence that Huntington "knowingly" filed an incomplete, false or fraudulent statement, and because R.C.5747.19 "does not provide for civil damages by a private plaintiff." In its April 23, 2004 decision granting summary judgment in favor of Huntington, the court again reiterated that R.C. 5747.19 "is a criminal statute for which violations carry criminal penalties," and therefore "plaintiffs may not obtain civil damages under this statutory provision."
 {¶ 29} In her assignment of error, appellant does not challenge the trial court's determination that R.C. 5747.19 does not provide a private cause of action for a private plaintiff. Upon review, we agree with the trial court that appellant cannot obtain the relief she seeks under the statute at issue. We initially agree with the trial court that appellant has failed to set forth facts in her affidavit showing a genuine issue for trial that Huntington "knowingly" filed an incomplete, false or fraudulent statement.
 {¶ 30} Further, we note that R.C. Chapter 5747 pertains to the collection of a state income tax on individuals as well as estates, and R.C. 5747.18 provides in part that "[t]he tax commissioner shall enforce and administer this chapter." R.C.5747.99 addresses penalties, and provides in relevant part: "Whoever violates section 5747.19 of the Revised Code * * * is guilty of a felony of the fifth degree."
 {¶ 31} As argued by Huntington, there are a limited number of Ohio cases addressing R.C. 5747.19, all involving criminal convictions of a defendant for failure to report income or pay taxes. See, e.g., State v. Heer (Sept. 24, 1998), Franklin App. No. 97APA12-1670 (criminal conviction in which defendant found guilty of three counts of failing to file an Ohio tax return);State v. Morgan (1994), 71 Ohio St.3d 178 (defendant indicted on four counts of filing an incomplete, false or fraudulent income tax return in violation of R.C. 5747.19); State v. Moton
(Mar. 18, 1993), Cuyahoga App. No. 62097 (appeal by defendant of criminal conviction for failing to file state income tax return). Upon review, we find, similar to the trial court's determination, that the statute at issue pertains to a criminal offense, and does not provide a civil complainant with a private right of action. Accordingly, the trial court did not err in granting summary judgment in favor of Huntington on appellant's claim brought pursuant to R.C. 5747.19.
 {¶ 32} Appellant's sixth assignment of error is without merit and is overruled.
 {¶ 33} Under the fifth assignment of error in her perfected brief, appellant argues that the trial court erred in relying upon purported hearsay evidence, in the form of the affidavit of Steven Smith, in granting summary judgment in favor of Huntington. The trial court, however, did not rely upon the challenged affidavit in granting summary judgment in favor of Huntington on appellant's R.C. 5747.19 claim; thus, even assuming the affidavit contained inadmissible hearsay, appellant can show no prejudice by the trial court's failure to strike this affidavit.
 {¶ 34} Accordingly, appellant's fifth assignment of error in her perfected brief is without merit and is overruled.
 {¶ 35} Based upon the foregoing, appellant's six assignments of error in her perfected brief, as well as the five assignments of error in her June 2, 2004 brief, are overruled, and the judgments of the Franklin County Court of Common Pleas are hereby affirmed. In addition, we deny the outstanding motion of appellant, seeking to strike, as untimely, the July 19, 2004 appellate brief of Huntington.
Motion to strike denied; judgments affirmed.
Bryant and McCormac, JJ., concur.
McCormac, J., retired of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.