DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from the judgment of the Washington County Court of Common Pleas which sentenced Defendant-Appellant Janet L. Bruce to three consecutive three-year prison terms for the following three criminal convictions: one count of burglary, a third-degree felony in violation of R.C. 2911.12(A)(3), and two counts of burglary, second-degree felonies in violation of R.C. 2911.12(A)(2).
 {¶ 2} Appellant argues that the trial court erred in imposing a prison sentence in lieu of community-control sanctions. She also argues that the trial court erred in imposing consecutive sentences because it failed to make the findings required by R.C. 2929.14(E) and 2929.19(B).
 {¶ 3} We find that the prison sentences are supported by the record and are not contrary to law. However, we find that the trial court's decision to impose consecutive sentences is contrary to law. Therefore, we affirm the trial court's decision to impose prison sentences, but vacate its decision to make them consecutive.
 I. The Proceedings Below {¶ 4} Over the course of six days, Defendant-Appellant Janet L. Bruce committed three separate burglaries.
 {¶ 5} First, on July 14, 1999, Bruce convinced a couple to let her into their home by feigning that she needed to use the bathroom. Once inside their bathroom, she stole prescription medicine.
 {¶ 6} Second, on July 15, 1999, Bruce again gained entrance to a residence by pretending that she needed to use the bathroom. This time, she had convinced two children, whose parents were away, to let her in. Again, once she was inside their bathroom, she stole prescription medicine.
 {¶ 7} Third, on July 19, 1999, Bruce deviated from her previous modus operandi. This time she broke into the home of a sixty-five-year-old man while he was attending the funeral of his wife. From reading the obituary in the newspaper, Bruce had determined precisely when the widower would be away from his home. She stole his checkbook, credit cards, cash, and prescription medicine.
 {¶ 8} In August 2000, Bruce entered guilty pleas to the following crimes: for stealing from the widower, one count of burglary, a third-degree felony in violation of R.C. 2911.12(A)(3); and, for the remaining two incidents, two counts of burglary, second-degree felonies in violation of R.C. 2911.12(A)(2).
 {¶ 9} Consequently, in August 2000, the trial court held a sentencing hearing and issued its decision and entry in that regard. The lower court imposed a three-year prison term for each of the three charges and ordered the sentences to run consecutively — thus, an aggregate term of nine-years imprisonment was imposed.
 II. The Appeal {¶ 10} Bruce timely filed this appeal and assigned the following errors for our review.
 {¶ 11} First Assignment of Error: "The imposition of a prison term of nine years was contrary to law."
 {¶ 12} Second Assignment of Error: "The trial court erred in sentencing the appellant to consecutive terms of imprisonment."
 {¶ 13} An appellate court will not reverse a sentence unless the court finds by "clear and convincing evidence" that the sentence is unsupported by the record or contrary to law. See R.C. 2953.08(G)(2)(a) and (b). The clear-and-convincing-evidence standard is an intermediate standard, representing a degree of proof that is "more than a preponderance of the evidence; * * * less extensive than `beyond a reasonable doubt'; and * * * adequate to produce in the trier of facts a firm belief as to the facts to be established." State v. Lenegar (Feb. 3, 1999), Vinton App. No. 98CA521; see State v. Schiebel (1990),55 Ohio St.3d 71, 564 N.E.2d 54.
 {¶ 14} With this standard in mind, we will address Bruce's assignments of error.
 A. Imprisonment {¶ 15} In Bruce's First Assignment of Error, she asserts that the trial court erred in imposing a prison sentence in lieu of community-control sanctions. In support of this claim, she presents, essentially, three arguments: (1) the trial court did not properly consider the factors set out in R.C. 2929.12; (2) the evidence she presented outweighed that presented by the state; and (3) sentencing her to prison was a waste of state and local resources. We will address these arguments in turn.
 1. R.C. 2929.12 {¶ 16} Bruce argues that the trial court did not properly consider the factors set out in R.C. 2929.12. We disagree.
 {¶ 17} R.C. 2929.11(A) states that "[t]he overriding purposes of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender." Id. To achieve these purposes, the sentencing court must consider: first, the factors listed in R.C. 2929.12(B) and (C), regarding the seriousness of the offender's conduct; and, second, the factors listed in R.C. 2929.12(D) and (E), regarding the offender's propensity for recidivism. See, generally, Statev. Smith (Mar. 17, 1999), Meigs App. No. 98CA2; State v. Kauff (Nov. 9, 1998), Meigs App. No. 97CA13.
 {¶ 18} In assessing whether the lower court considered these factors, we emphasize that the trial court is not required to make specific findings.
 {¶ 19} "The [Ohio Revised Code] does not specify that the sentencing judge must use specific language or make specific findings on the record in order to evince the requisite consideration of the applicable seriousness and recidivism factors [pursuant to] R.C. 2929.12. For this reason, the sentencing judge could have satisfied her duty under R.C. 2929.12 with nothing more than a rote recitation that she had considered * * * [the applicable factors]. [The] sentencing judge, however, helpfully supplemented the record by specifically referring to [an applicable factor] * * * and by explaining how [the factor] exacerbated her injuries." State v. Arnett, 88 Ohio St.3d 208, 215,2000-Ohio-302, 724 N.E.2d 793, 799; see, generally, State v. Edmonson,86 Ohio St.3d 324, 1999-Ohio-110, 715 N.E.2d 131.
 {¶ 20} Here, Bruce maintains that the only thing the trial court considered in regard to these factors was her prior, minor, adult convictions.
 {¶ 21} Bruce is correct that the trial court stated in its sentencing entry that, "the following factor[is] present that relate[s] to the seriousness of the crime and the likelihood that [Bruce] will commit further crimes: 1. [Bruce] has prior adult convictions." However, it is inaccurate to characterize this statement as the sole consideration the trial court underwent in arriving at its decision to sentence Bruce to imprisonment. Again, we emphasize that the trial court is not required to "use specific language or make specific findings * * * to evince the requisite consideration of the applicable seriousness and recidivism factors * * *." State v. Arnett, 88 Ohio St.3d at 215, 2000-Ohio-302,724 N.E.2d at 799.
 {¶ 22} In addition to the above excerpt, the trial court also stated the following in its judgment entry:
 {¶ 23} "The Court has weighed in [sic] seriousness and recidivism factors; has considered the overriding purposes of felony sentencing to protect the public from future crime by the offender and others, and to punish the offender, and having considered the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victims. The Court finds that the sentence imposed is reasonably calculated to achieve these purposes, and commensurate with and does not demean the seriousness of the offenders [sic] conduct and its impact upon the victim [sic], and is consistent with sentences imposed for similar crimes committed by similar offenders. * * *. The Court finds nothing to overcome thepresumption as to prison for the [second-degree] felonies, and as to the[third-degree] felony, [finds] that [Bruce] has committed one of theworst forms of this offense, having trespassed in the home of a man over[sixty five], while he was at his spouses [sic] funeral service, to stealfrom him, after reading about the obituary in the [news]paper." (Emphasis added.).
 {¶ 24} Further, at the sentencing hearing, the trial court stated the following: "I've considered the record, the oral statements made in Court this date, the [victim-impact] statement, the pre-sentence investigation and the principles and purposes of sentencing as set forth in [R.C.] 2929.11 and the seriousness and recidivism factors set forth in [R.C.] 2929.12. * * *. The factors necessary to find * * * community control, this Court does not believe to be present. I think a non-prisonsanction would demean the seriousness of this offense and would notadequately punish [Bruce] nor protect the public. People had their homesviolated. * * *. * * * [Y]ou * * * go into somebody that's sixty-fiveyears old home [sic] * * * at a time when they're dealing with the deathof their own spouse, * * * and burglarize that home, that is unusual. * * *This is a burglary * * * that is, in this Court's opinion, one of theworst forms of this type of burglary * * *." (Emphasis added.).
 {¶ 25} As the Supreme Court of Ohio stated in Arnett, supra, "the sentencing judge could have satisfied her duty under R.C. 2929.12 with nothing more than a rote recitation that she had considered * * * [the applicable factors]." Id. at 215, 724 N.E.2d at 799. Here, the trial court satisfied this duty by clearly stating, more than once, that it had considered the relevant factors in sentencing Bruce.
 {¶ 26} Further, the trial court, in the case sub judice, helpfully supplemented the record by specifically referring to at least one applicable factor — just as the Arnett Court noted that the trial court had done in its case.
 {¶ 27} Further still, we find additional explanation for the trial court's decision throughout the judgment entry and the transcript of the sentencing hearing.
 {¶ 28} Therefore, we find that the trial court properly considered the overriding purposes of felony sentencing as set forth in R.C.2929.11(A). Further, we find that the trial court followed the statutory guidelines and considered the seriousness and recidivism factors outlined in R.C. 2929.12(B), (C), (D), and (E). See State v. Ramirez (1994),98 Ohio App.3d 388, 648 N.E.2d 845 (explaining that, absent a contrary showing in the record, it is presumed that the lower court considered the necessary statutory criteria).
 {¶ 29} Thus, in this regard, we cannot clearly and convincingly
find that the prison sentence was unsupported by the record or contrary to law. See Lenegar, supra; accord State v. Schiebel,55 Ohio St.3d at 71, 564 N.E.2d at 54.
 2. Sufficiency of the Evidence {¶ 30} Bruce argues that the evidence she presented outweighed that presented by the state. Again, we disagree.
 {¶ 31} Specifically, Bruce maintains that these crimes were a result of a drug addiction and that if she were required to seek substance-abuse rehabilitation, instead of prison, she would no longer be addicted to drugs, and, consequently, no longer have the desire to commit such crimes.
 {¶ 32} The state, on the other hand, introduced evidence that Bruce has repeatedly relapsed into substance abuse despite twelve years of sporadic substance-abuse programs and the increasingly harsh consequences of her behavior — i.e., losing jobs, losing custody of her children, and attempting suicide.
 {¶ 33} We decline Bruce's invitation to second-guess the trial court's decision to give more weight to the state's argument and presentation of evidence than hers. See, e.g., State v. Banks (1992),78 Ohio App.3d 206, 214, 604 N.E.2d 219, 225 ("[Q]uestions of weight and credibility are primarily for the trier of fact."); Whiteside, Ohio Appellate Practice (2001 Ed.) 287-291, Standards of Review (explaining that deference, regarding questions of weight and credibility, should be given to the trial court because, "the finder of fact has had an opportunity to observe the demeanor of the witnesses, a factor not normally preserved in the record of appeal."). Aside from agreeing with the trial court's decision, we find it to be sufficiently supported by the evidence. That is, we cannot clearly and convincingly find that the prison sentence was unsupported by the record or contrary to law. SeeLenegar, supra; accord State v. Schiebel, 55 Ohio St.3d at 71,564 N.E.2d at 54.
 3. Waste of Resources {¶ 34} Finally, Bruce argues that sentencing her to prison was a waste of state and local resources. We decline to entertain this argument as it is being raised for the first time on appeal and we do not find that plain error exists. See State v. Comen (1990), 50 Ohio St.3d 206,553 N.E.2d 640; State v. Cameron (1998), 129 Ohio App.3d 457,717 N.E.2d 1186.
 {¶ 35} For the foregoing reasons, we OVERRULE Bruce's First Assignment of Error.
 B. Consecutive Sentences {¶ 36} In Bruce's Second Assignment of Error she argues that the trial court failed to make the findings required by R.C. 2929.14(E) and2929.19(B) to issue consecutive sentences. We agree.
 {¶ 37} R.C. 2929.14 governs prison terms. Like R.C. 2929.12, R.C.2929.14 is intended to provide the trial court guidance, while limiting its discretion in order to achieve more consistent sentences.
 {¶ 38} However, unlike R.C. 2929.12, the Ohio General Assembly has imposed an additional requirement in the analysis of R.C. 2929.14: "[t]he court * * * shall make a finding that gives its reasons for selecting the sentence imposed * * * [i]f it imposes consecutive sentences under [R.C.]2929.14 * * *." (Emphasis added.) R.C. 2929.19(B)(2)(c); see, generally,State v. Edmonson, 86 Ohio St.3d at 324, 1999-Ohio-110,715 N.E.2d at 131.
 {¶ 39} Likewise, in State v. Jones (2001), 93 Ohio St.3d 391,754 N.E.2d 1252, the Supreme Court of Ohio cited this same statutory provision in explaining that, "when a trial court imposes consecutive sentences, it must state on the record its reasons for doing so." (Emphasis added.) Id. at 399, 754 N.E.2d at 1261.
 {¶ 40} Thus, when a trial court imposes consecutive sentences, it is clear that it must make a finding explaining its decision.
 {¶ 41} In the present case, there is no question that the trial court failed to make such a finding. Indeed, the state concedes this fact in its brief, "[Bruce] is correct that the trial court did not engage in the specific analysis set forth in R.C. 2929.14(E) which is required to sustain consecutive sentencing."
 {¶ 42} State v. Jones, supra, and R.C. 2929.14(E) and 2929.19(B), state an unequivocal rule of law, and there is no doubt that the trial court failed to follow it. While we might very well be able to find support in the record for imposing consecutive sentences in this case, we stress that the Supreme Court of Ohio and the Ohio General Assembly have squarely placed the onus of assimilating such information upon the trial court. See, generally, State v. Parker (2001), 144 Ohio App.3d 334, 338,760 N.E.2d 48, 51 (holding that, even if the trial court's finding, that consecutive sentences were warranted, could be construed as also setting forth its reasoning, "the better practice is for the trial court to make some statement setting forth the thought process that went into the decision"); cf. State v. Jones, 93 Ohio St.3d at 399, 754 N.E.2d at 1260
(holding that the appellate court, although correct that the sentence imposed by the trial court was contrary to law, nevertheless erred in modifying the sentence rather than vacating it and remanding it for re-sentencing).
 III. Conclusion {¶ 43} In sum, we find that the prison sentences are supported by the record and are not contrary to law. See Lenegar, supra; accord Statev. Schiebel, 55 Ohio St.3d at 71, 564 N.E.2d at 54. However, we do clearly and convincingly find that the trial court's decision to impose consecutive sentences is contrary to law.
 {¶ 44} Accordingly, we affirm the trial court's decision to impose prison sentences, but vacate its decision to make them consecutive.
 {¶ 45} Therefore, we remand the cause to the trial court for re-sentencing solely on the issue of whether these sentences should be served consecutively. If, on remand, the trial court again finds consecutive sentences to be warranted, it must, pursuant to R.C.2929.14(E)(4) and 2929.19(B)(2)(c), do the following: (1) clearly state its finding; and (2) clearly explain its reasoning for making the finding.
Judgment affirmed in part, reversed in part, and remanded.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED IN PART AND REVERSED INPART, and the cause remanded to the trial court for further proceedings consistent with this opinion, costs to be taxed equally between the parties.
This Court finds that there were reasonable grounds for this appeal.
It is further ordered that a special mandate issue out of this Court directing the WASHINGTON COUNTY COURT OF COMMON PLEAS to carry this judgment into execution.
IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEENPREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, IT IS TEMPORARILYCONTINUED FOR A PERIOD NOT TO EXCEED SIXTY DAYS UPON THE BAIL PREVIOUSLYPOSTED. The purpose of the continued stay is to allow appellant to file with the Supreme Court of Ohio an application for stay during the pendency of proceedings in that court.
If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty-day period, or the failure of appellant to file a notice of appeal with the Supreme Court of Ohio within the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to the expiration of the sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, P.J.: Concurs in Judgment and Opinion.
Kline, J.: Concurs in Judgment Only.