JOURNAL ENTRY AND OPINION
Defendant-appellant Frank Duvall (defendant) appeals from the judgment of the trial court which, after the defendant pleaded guilty, sentenced him to a total of sixteen years incarceration.
Defendant was indicted on nine counts charging him with two counts of aggravated burglary in violation of R.C. 2911.11; two counts of felonious assault in violation of R.C. 2903.11; two counts of kidnapping in violation of R.C. 2905.11; two counts of aggravated robbery in violation of R.C. 2911.01; and one count of attempted murder in violation of R.C.2923.02, each carrying a repeat violent offender specification.
Defendant pleaded not guilty to all counts of the indictment and was held in jail in lieu of bail. Following nine months, several defense motions and fifteen pre-trials, fourteen of which were continued at the request of the defendant, the state and the defendant engaged in plea bargaining. On July 26, 2001 the defendant retracted his former plea of not guilty and entered a plea of guilty to the amended charge of burglary and robbery with the repeat violent offender specifications deleted. All other counts were nolled. Thereafter, the trial court sentenced the defendant to eight years incarceration on each count, to run consecutively. It is from this ruling that the defendant now appeals, asserting six assignments of error for our review.
 II. THE TRIAL COURT ERRED COMMITTED PLAIN ERROR IN FAILING TO DISMISS THE INSTANT CASE FOR WANT OF SPEEDY TRIAL.
In his second assignment of error, the defendant contends that the trial court committed plain error in failing to sua sponte dismiss the case on speedy trial grounds. We disagree.
The right to a speedy trial is guaranteed by the Sixth Amendment to the United States Constitution and Article I, Section 10 of the Ohio Constitution. The speedy trial provisions contained in R.C. 2945.71 and R.C. 2945.72 are not self-executing and must be asserted by a defendant in a timely fashion to avoid such rights being waived. Partsch v. Haskins (1963), 175 Ohio St. 139, 191 N.E. 922; State v. Trummer (1996),114 Ohio App.3d 456, 683 N.E.2d 932. R.C. 2945.73 states that the defendant shall be discharged only upon motion made at or prior to the commencement of trial * * *. In this case, the defendant does not dispute that he failed to raise the issue before the trial court. Since this issue was never raised before the trial court, the defendant cannot raise such an argument on direct appeal as this court is only able to consider arguments properly raised before the trial court. State v. Thompson (1994), 97 Ohio App.3d 183, 646 N.E.2d 499. Worthington v. Ogilby (1982), 8 Ohio App.3d 25, 455 N.E.2d 1022. The defendant contends that despite his failure to comply with the statute, his case should be dismissed for plain error.
We do not find plain error here as the defendant has failed to show that a timely motion to dismiss on speedy trial grounds would have been successful.
The defendant asserts that since he was incarcerated during the pendency of the trial, he was entitled to the triple-count provision of R.C. 2945, which would demand that the defendant be brought to trial within 90 days. Conversely, the state argues that because there was a valid parole holder and the defendant was not incarcerated solely on the pending charge, he was not entitled to the triple-count provision and therefore should have been brought to trial within 270 days.
The existence of a valid parole holder prevents application of the triple-count provision of R.C. 2945.71 (E). This statute applies only to those defendants held in jail in lieu of bail solely on the pending charge. State v. Macdonald (1976), 48 Ohio St.2d 66, 357 N.E.2d 40, paragraph one of the syllabus. Therefore, in order for the triple-count provision to apply to the defendant as the state contends, there must be evidence of a valid parole holder. After a careful review of the record, we find no evidence that a valid parole holder exists. However, it is the motion to dismiss on speedy trial grounds that triggers the prosecution's duty to produce the evidence negating the defendant's assertion that his speedy trial rights have been violated. State v. Thompson, supra at 186. As such, the prosecution was not afforded the opportunity to produce evidence of a valid parole holder. In the absence of a complete record, we are unable to conclude that the defendant's speedy trial rights have been violated. This assignment of error is overruled.
 I. MR. DUVALL WAS DENIED HIS RIGHTS TO EFFECTIVE ASSISTANCE OF COUNSEL GUARANTEED BY ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION AND THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION BY VIRTUE OF HIS COUNSEL'S FAILURE TO MOVE TO DISMISS THE INSTANT CASE FOR WANT OF SPEEDY TRIAL.
In establishing a claim of ineffective assistance of trial counsel, it is clear that a defendant must make a two-part showing:
 First, the defendant must show that counsel's performance was deficient. This requires a showing that counsel made errors so serious that counsel was not functioning as the counsel guaranteed by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense.
As stated above, in the absence of a complete record, we are unable to determine whether trial counsel's failure to file a motion to dismiss on speedy trial grounds prejudiced the defendant. Where the allegation of ineffective assistance of counsel is based on facts outside of the record, the appropriate remedy is a proceeding for post conviction relief. State v. Gibson (1980), 69 Ohio App.2d 91, 430 N.E.2d 954, paragraph three of the syllabus. We are therefore unable to determine this issue on direct appeal. This assignment of error is not well-taken.
 III. MR. DUVALL DID NOT ENTER KNOWING, INTELLIGENT AND VOLUNTARY GUILTY PLEAS TO COUNTS TWO AND EIGHT RESPECTIVELY, WHEN THE TRIAL COURT INCORRECTLY ADVISED HIM REGARDING THE PENALTIES ATTENDANT TO THE REPEAT VIOLENT OFFENDER SPECIFICATIONS AND FURTHER ADVISED HIM THAT, AT TRIAL, THE TRIAL COURT AND NOT THE JURY WOULD DETERMINE IF THE FACTS EXISTED TO INVOKE ENHANCED SENTENCING UNDER THE REPEAT VIOLENT OFFENDER SPECIFICATIONS.
The defendant essentially contends that the trial court failed to correctly state the attendant penalties and as a result he did not enter knowing, intelligent and voluntary guilty pleas. We disagree.
Crim.R. 11 (C)(2) states, in relevant part:
 In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept such plea without first addressing the defendant personally and:
 (a) Determining that he is making the plea voluntarily, with understanding of the nature of the charge and of the maximum penalty involved, and if applicable, that he is not eligible for probation.
The standard of review in determining whether the trial court complied with Crim.R. 11 when accepting a plea is de novo. State v. Stewart (1977), 51 Ohio St.2d 86, 364 N.E.2d 1163. An appellate court must examine the totality of the circumstances and determine whether the plea hearing was in substantial compliance with Crim.R. 11 (C). Id. at 92-93. Substantial compliance with Crim.R. 11 (C) requires that the trial court engage the defendant in a reasonably intelligible dialogue on the record. State v. Ballard (1981), 66 Ohio St.2d 473, 423 N.E.2d 115.
In this case, the defendant complains that the trial court incorrectly stated that an enhanced penalty on the repeat violent offender specification was mandatory.
In explaining the possible sentence the defendant might face if he did not plead guilty and chose to go to trial and lost, the court stated, in relevant part:
 * * * If I make that finding because of the repeat violent offender specification, I would have to give you ten years. If I give you the maximum on the three to ten, I give you ten on the three to ten and in addition I would have to give you another ten. You are looking at potentially 20 years in prison on one count. That's your worst case scenario. That's a lot of time.
(T. 11). We find that the trial court substantially complied as required by Crim.R. 11 in explaining to the defendant the maximum penalty involved. The court was correct in stating that this was the worst case scenario for the defendant on one count of an eleven count indictment. This implies a potential for lesser sentence, about which the defendant was free to inquire if he failed to understand. In fact, the trial judge afforded the defendant such an opportunity when she stated, Is there anything else that you want to ask me * * *. (T. 13). Furthermore, his trial attorney stated, [the defendant] and I went through with him on an earlier occasion this plea, what is a plea agreement to be sure you understand the penalty, he has decided he wants to enter a guilty plea * * *. (T. 14). Having found that the trial court substantially complied with Crim.R. 11, we overrule this assignment of error.
 IV. THE TRIAL COURT ERRED IN VIOLATION OF MR. DUVALL'S DUE PROCESS RIGHTS UNDER THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10, TO THE OHIO CONSTITUTION, AND IN VIOLATION OF CRIMINAL RULE 32.1, WHEN IT REFUSED TO ALLOW WITHDRAWAL OF THE PREVIOUSLY ENTERED GUILTY PLEAS PRIOR TO SENTENCING.
Crim.R. 32.1 provides:
 A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea.
A motion made pursuant to Crim.R. 32.1 is addressed to the sound discretion of the trial court and will not be overturned on appeal absent an abuse of that discretion. State v. Smith (1977), 49 Ohio St.2d 261,361 N.E.2d 1324, paragraph two of the syllabus; State v. Stumpf (1987),32 Ohio St.3d 95, 104, 512 N.E.2d 598. The term `abuse of discretion' connotes more than an error of law or judgment, it implies that the court's attitude is unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140.
A trial court does not abuse its discretion in overruling a motion to withdraw (1) where the accused is represented by highly competent counsel, (2) where the accused was afforded a full hearing, pursuant to Crim.R. 11, before he entered the plea, (3) when, after the motion to withdraw is filed, the accused is given a complete and impartial hearing on the motion, and (4) where the record reveals that the court gave full and fair consideration to the plea withdrawal request. State v. Peterseim (1980), 68 Ohio App.2d 211, 428 N.E.2d 863, paragraph three of the syllabus.
We find no abuse of discretion in this case. The record reveals that, after the defendant filed a motion to disqualify trial counsel from his case, the trial court denied such motion displaying full confidence in trial counsel's competence. Furthermore, the trial court made certain that the defendant fully understood the nature and consequences of the plea in a hearing pursuant to Crim.R. 11., afforded the defendant a hearing following his motion to withdraw his guilty plea and fully considered his arguments in support of his motion. Finding that the trial court complied with the requirements set for in State v. Peterseim for the denial of pre-sentence motion for withdrawal of a guilty plea, we overrrule this assignment of error.
 V. THE TRIAL COURT ERRED BY IMPOSING MAXIMUM SENTENCES.
The defendant contends that the trial court erred by imposing maximum sentences. Specifically, he argues that the trial court incorrectly considered other alleged offenses of which the defendant had never been convicted. The defendant asks this court to modify his sentence, or remand the case for re-sentencing.
Under the sentencing procedures enacted as part of Senate Bill 2, an appellate court cannot reduce, modify or vacate the defendant's sentence unless we find the trial court's decision is clearly and convincingly unsupported by the record and/or contrary to law. R.C. 2953.08; State v. Parker (Jan. 19, 1999), Clermont App. No. CA 98-04-025; State v. Garcia,126 Ohio App.3d 485, 710 N.E.2d 783; State v. Donnelly (Dec. 30, 1998), Clermont App. No. CA98-05-034.
A trial court is required to make a finding that a defendant fits within one of the categories listed in R.C. 2929.14 (C) when imposing a maximum sentence for an offense. Pursuant to R.C. 2929.14 (B)(2)(d), the trial court must state its reasons on the record that support such a finding. State v. Parker (2001), 144 Ohio App.3d 334, 760 N.E.2d 48
citing State v. Edmonson (1999), 86 Ohio St.3d 324, 715 N.E.2d 131.
With regard to maximum sentences, this court has stated:
 to impose the maximum sentence, there must be a finding on the record that the offender posed the greatest likelihood of recidivism or committed the worst form of the offense. See State v. Banks (Nov. 20, 1997), Cuyahoga App. No. 72121; State v. Beasley (June 11, 1998), Cuyahoga App. No. 72853. We do not require the court to utter any magic or talismanic words, but it must be clear from the record that the court made the required findings. See State v. Stribling (Dec. 10, 1998), Cuyahoga App. No. 74715.
State v. White (1999), 135 Ohio App.3d 481, 486, 734 N.E.2d 848.
In the present case, the trial court stated:
 * * * I believe that you deserve the longest prison sentence in prison because you more than anyone that I've seen in a long time possess the greatest likelihood of committing future aggravated robberies with your record and the two involved in this case.
 I also believe that a second factor is that you committed one of the worst forms of a burglary case and that is breaking into the home of an elderly woman and tying her up, putting a bag over her head. I can't think of a more horrendous type or worse type of any offense of any burglary or robbery * * *.
(T. 54) Further, the court had already noted:
 * * * you have a significant record. You have an aggravated robbery from 1979, a receiving stolen property from `79, a robbery from `81 and you are on parole from 1985. You did 14 years on that.
(T. 53). From the above, it is evident that the record in this case supports the trial court's finding that the defendant posed the greatest likelihood of recidivism. The defendant's contention that the trial court impermissibly considered a second offense for which he was not convicted in this case is, therefore, inconsequential.
The defendant's contention that the trial court's reasons for imposing the maximum sentence were based solely on the version of the facts as supplied by the police in unsworn statements is completely unfounded. A review of the sentencing transcript reveals that the court considered the pre-sentence investigation report and two letters written by the defendant to the trial judge. Further, the court engaged in a lengthy dialogue with the defendant in which the defendant was afforded the opportunity to present his version of what transpired (T.43-T.51). After the judge listened to the defendant's version and the police officer's version, in addition to the pre-sentence investigation report, the judge determined that the defendant committed one of the worst forms of the offense. The record supports this determination and therefore, this assignment of error is not well taken.
 VI. THE TRIAL COURT ERRED BY ORDERING CONSECUTIVE SENTENCES.
Pursuant to R.C. 2929.19 (B)(2)(c), if the trial court imposes consecutive sentences, it must make a finding on the record giving the reasons for imposing consecutive sentences. State v. Corrigan, (May 25, 2000), Cuyahoga App. No. 76124 citing State v. Stroud (Oct. 28, 1999), Cuyahoga App. No. 7475.
Pursuant to R.C. 2929.14 (E), the trial court may impose consecutive prison terms for convictions of multiple offenses upon the making of the following findings enumerated in the statute:
 (E)(4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 (a) The offender committed the multiple offenses while the offender was awaiting trial or sentencing * * * or was under post-release control for a prior offense.
 (b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
 (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.
While the trial court need not use the exact words of the statute, it must be clear from the record that the trial court made the required findings. State v. Garrett (Sept. 2, 1999), Cuyahoga App. No. 74759, citing State v. Veras (July 8, 1999), Cuyahoga App. Nos. 74416, 774466.
A review of the transcript reveals that the trial court properly engaged in the analysis required by the statute. The court stated on the record that it found the imposition of consecutive sentences necessary in order to protect the public from future criminal behavior. Further, the court noted that the defendant had a long criminal history and that the defendant committed the crime while on parole. Accordingly, the trial court did not err in imposing consecutive sentences. This assignment of error is overruled.
Judgment Affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
TERRENCE O'DONNELL, J., CONCURS.
ANNE L. KILBANE, P.J., CONCURS IN PART AND DISSENTS IN PART (SEE ATTACHED CONCURRING DISSENTING OPINION.
 CONCURRING AND DISSENTING OPINION