JOURNAL ENTRY and OPINION
{¶ 1} Defendant Tyrone Brown pleaded guilty to one count of aggravated robbery in connection with his participation in the robbery and shooting death of a crack buyer. His sole assignment of error on appeal is that the court erred by sentencing him to the maximum term of incarceration.
 {¶ 2} In State v. Poelking, Cuyahoga App. No. 78697, 2002-Ohio-1655, we set forth the requirements for imposing a maximum sentence:
 {¶ 3} "If the court wishes to impose the maximum sentence on an offender, it must first make a finding that the offender committed the worst form of the offense or that the offender poses the greatest likelihood of committing future crimes. See R.C. 2929.14(C). Second, the sentencing court must state reasons that support its findings. See R.C. 2929.19(B)(2)(d); State v. Parker (2001), 144 Ohio App.3d 334, 336, 760 N.E.2d 48."
 {¶ 4} The court stated that Brown committed the most serious form of aggravated robbery as the victim was killed during the commission of the offense. We believe there can be no doubt about that proposition. SeeState v. Leaks (June 18, 2001), Richland App. No. 99CA68. To buttress that point, the court noted that Brown fled the scene with the shooter and, despite his protestations of innocence concerning the shooting, assisted the shooter in disposing of the gun.
 {¶ 5} The court also found that Brown's past record and current conduct required that he be "restrained by the system" to "protect society." We take that to mean that the court believed that Brown posed a great likelihood of committing future offenses. The court made this point by referencing Brown's very lengthy criminal history, ranging from theft to kidnapping to endangering children. These reasons, taken along with the court's finding that Brown's incarceration would "protect society," were sufficient to show that he posed the greatest likelihood of committing future crimes.
 {¶ 6} We therefore find that the court made the proper findings for imposing the maximum sentence and adequately gave its reasons in support of those factors. The assigned error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
TIMOTHY E. McMONAGLE, A.J., and TERRENCE O'DONNELL, J., CONCUR.