JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant, M. Z. ("appellant"), appeals from his sentence in the Cuyahoga County Court of Common Pleas. For the reasons that follow, we affirm. On June 29, 2000, the Cuyahoga County Grand Jury returned a nine-count indictment charging appellant with two counts of rape,[1] two counts of sexual battery,[2] two counts of gross sexual imposition,[3] kidnapping[4] with sexual motivation specification,[5]
and two counts of gross sexual imposition of a person under the age of 13, all counts with sexually violent predator specifications.[6]
 {¶ 2} On November 2, 2000, appellant withdrew his formerly entered plea of not guilty and entered a plea of guilty to the amended charges of one count of rape and two counts of gross sexual imposition. The remaining counts were nolled by the State. The trial court found appellant to be a sexually oriented offender and referred appellant for a presentence investigation report.
 {¶ 3} The record reveals that appellant engaged in sexual conduct with his daughter, then age 13, which included fondling, digital penetration, and sexual intercourse. One year prior to the rape, appellant engaged in sexual contact with the same daughter, then under the age of 13. Appellant claimed that he committed the crimes while blacked out due to a chemical imbalance. Appellant has a history of mental illness and sporadic treatment. After his arrest, it was determined that appellant was HIV positive but there is no evidence that appellant was aware of his condition at the time of the offenses.
 {¶ 4} On November 28, 2000, the trial court imposed its sentence upon appellant of the maximum ten years for the rape charge and one year each for the two gross sexual imposition charges, to run concurrent with each other but consecutive to the rape sentence, for a total term of imprisonment of eleven years.
 {¶ 5} Appellant appealed this sentence and this court vacated and remanded the case for re-sentencing on the basis that the trial court failed to consider that appellant had not previously served a prison term prior to imposing the maximum sentence as required by R.C. 2929.14(B).
 {¶ 6} On June 12, 2002, the trial court resentenced appellant to the maximum term of ten years and concurrent seventeen month terms for the gross sexual imposition counts, to run concurrently to the rape sentence, for a total of 10 years. It is from this sentence that the appellant appeals and submits three assignments of error for our review. We review the first and second related assignments of error, together.
 {¶ 7} "The trial court erred in making the finding that the conduct described in count one constituted the worst form of the offense of rape, when that finding was not supported by the record."
 {¶ 8} "The trial court erred in making the finding that the imposition of the minimum prison term would demean the seriousness of the offense."
 {¶ 9} The appellant claims that the trial court erred when it found he committed the worst form of the offense in regard to his rape charge. Appellant argues that he had no prior record and that he did not use violence to commit the crime. Appellant relies on State v. DeAmiches
(Mar. 1, 2001), Cuyahoga App. No. 77609, for the proposition that where there is no violence, abuse or history of prior offenses, that the conduct does not qualify as the worst form of the offense of a child-rape.
 {¶ 10} Further, the appellant claims that the trial court's finding that the shortest prison term would demean the seriousness of the offense and not adequately protect the public from future crime by the offender was not supported by the record. See State v. Edmonson (1999),86 Ohio St.3d 324, 325.
 {¶ 11} It is well settled that an appellate court cannot reduce, modify or vacate the defendant's sentence unless we find the trial court's decision is clearly and convincingly unsupported by the record and/or contrary to law. R.C. 2953.08; State v. Parker (Jan. 19, 1999), Clermont App. No. CA 98-04-025; State v. Garcia (1998),126 Ohio App.3d 485; State v. Donnelly (Dec. 30, 1998), Clermont App. No. CA98-05-034. Further, we note that "a judge has wide discretion to determine whether conduct supports findings under R.C. 2929.14(B) and (C), and we will reverse such findings only when the record clearly and convincingly shows otherwise." DeAmiches at 18.
 {¶ 12} In the transcript, the court engaged in the following colloquy:
 {¶ 13} "The Court: Mr. [Z.], what would you like me to consider?
 {¶ 14} "The Defendant: the minimum time, ma'am. I'm sorry for what happened. I never meant to hurt her at all, never meant to hurt my family. I understand what I have done was wrong. I take full responsibility, but please consider the minimum time. I don't want to die in prison. It's my illness I have. I won't last. That's it.
 {¶ 15} "The Court: Okay. Thank you very much. The reason why I'm unable to give you a minimum sentence — and I do find that it would demean the seriousness of what you did — to give you a minimum sentence has to do with some factors in the way this crime was committed which, I believe, were alluded to at your original sentencing, and they have been touched upon a little bit today.
 {¶ 16} "One is, of course, the fact that this child who was the victim of this sexual assault was your daughter. You had a familial and fiduciary duty to her, to protect her. Instead, you were the person causing her harm.
 {¶ 17} "The other factors do have to do with the fact this child was induced by you, fraudulently, falsely, to follow you to another part of the home, to help you perform a household task. The household task was cleverly described to be something the child thought the family was engaged in; namely, something to do with packing her mother's clothes, so her mother could take a trip. You then secreted her away in a remote part of the home for the purpose of assaulting her. You put her in a position where a dutiful daughter was to help you, a dutiful daughter was to follow you to do what you said. She was being a dutiful daughter. You took advantage of her sense of duty and loyalty to the family, to place yourself in a position which she had no real reason to suspect what you would be secretly intending to do to her.
 {¶ 18} "So, the very cunning and clever and false and misleading and predatory way that you went about to commit this crime is reprehensible.
 {¶ 19} "You have alluded to the fact that you did not consider yourself mentally stable, you suffer from depression and are suicidal. You have made some claims about having a chemical imbalance, and so forth. In fact, in the comments of the report, you are an addict, and of course, addicts know, ahead of most people, that they are addicts. You are a cocaine addict and an alcoholic and you claim to suffer from blackouts. * * *
 {¶ 20} "I find that you did commit the worst form of the offense, and that has to deal with the fact that the victim was your unsuspecting 13-year-old daughter, and that the crime was committed in the predatory manner, in fraudulently enticing this your child the way that it was. I have alluded to all of those already.
 {¶ 21} "Number two, I do find that you are an offender that poses the greatest likelihood of committing future crimes. The reason that I find that is because you have all of these problems, some of them mental, some of them addictive, alcohol and cocaine. You don't work on these problems, you let these problems run your life. You let these problems be in control of you, instead of you being in control of them. This offense that you have committed is just a terrible example of exactly that kind of failure to address your problems which causes you to get carried away and do an outrageous thing, outrageous behavior that none of your friends and family would have ever expected of you, or so I believe."
 {¶ 22} The trial court was required to set forth certain findings in accordance with R.C. 2929.14(C), which provides that:
 {¶ 23} "Except as provided in division (G) of this section or in Chapter 2925. of the Revised Code, the court imposing a sentence upon an offender for a felony may impose the longest prison term authorized for the offense pursuant to division (A) of this section only upon offenders who committed the worst forms of the offense, upon offenders who pose the greatest likelihood of committing future crimes, upon certain major drug offenders under division (D)(3) of this section, and upon certain repeat violent offenders in accordance with division (D)(2) of this section."
 {¶ 24} The trial court is required to make a finding that a defendant fits within one of the categories listed in R.C. 2929.14(C) when imposing a maximum sentence for an offense. Pursuant to R.C. 2929.19(B)(2)(d), the trial court must state its reasons on the record that support such a finding. State v. Parker (2001), 144 Ohio App.3d 334, citing State v. Edmonson (1999), 86 Ohio St.3d 324.
 {¶ 25} We find that the trial court complied with R.C. 2929.14(C) by stating its findings that the offense was the worst form of the offense and that appellant posed the greatest likelihood of committing future crimes. Further, the trial court cited three reasons in support of these findings, including: (1) the victim was his daughter; (2) the predatory way he carried out the offense; and (3) his failure to seek help for or control his mental problems and drug addictions. The trial court stated that it considered appellant's actions to be the worst form of the offense and that he was likely to commit future acts based on these reasons.
 {¶ 26} We note that, in accordance with Edmonson, the trial court did consider imposing the minimum sentence prior to providing its reasons from departing from the minimum sentence. Further, this case is distinguishable from DeAmiches in that, here, while appellant did not have a prior conviction, he used deception and force to rape his 13-year-old daughter, whom he had molested prior to the rape. We find that the sentence imposed is supported by the record and not contrary to law. The appellant has not set forth clear and convincing evidence that the trial court committed error when it found appellant committed the worst form of the offense and that imposing the minimum prison term would demean the seriousness of the offense. Accordingly, appellant's first and second assignments of error are overruled.
 {¶ 27} III. "The trial court erred in failing to impose a sentence that was consistent with sentences imposed for similar offenses."
 {¶ 28} In this assignment of error, appellant contends that the sentence for his rape conviction did not comply with R.C. 2929.11(B) which requires that the sentence imposed be "consistent with sentences imposed for similar crimes committed by similar offenders." Specifically, appellant argues that the trial court must determine what a normal-range sentence is for the type of offense committed. Appellant urges that a "normal" result based on the particular facts herein would result in a minimum sentence of three years.
 {¶ 29} R.C. 2929.11 sets forth the purposes of felony sentencing and provides, in part:
 {¶ 30} "(A) A court that sentences an offender for a felony shall be guided by the overriding purposes of felony sentencing. The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender. To achieve those purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both.
 {¶ 31} "(B) A sentence imposed for a felony shall be reasonably calculated to achieve the two overriding purposes of felony sentencing set forth in division (A) of this section, commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders."
 {¶ 32} Recently, in State v. Hunt (Jan. 16, 2003), Cuyahoga App. No. 81305, this court reasoned:
 {¶ 33} "R.C. 2929.11(B) does not require the trial court to engage in an analysis on the record to determine whether defendants who have committed similar crimes have received similar punishments. Rather, the statute indicates the trial court's comments made at the hearing should reflect the court considered that aspect of the statutory purpose in fashioning the appropriate sentence. State v. Edmonson (1999),86 Ohio St.3d 324 at 326-327. This court's review is limited to a determination of whether the sentence is contrary to law. State v.Haamid (June 28, 2001), Cuyahoga App. Nos. 78220, 78221."
 {¶ 34} It is apparent from the record that the trial court did consider the range of mandatory prison terms for the rape conviction, including a minimum sentence, which the trial court rejected.
 {¶ 35} "The Court: "Now, on a prior day, Mr. [Z] pled guilty to three felony crimes. One was a count of rape, under 2907.02, which is a first degree felony. This carries a mandatory prison term. The Court has to pick between three, four, five, six, all the way up to ten years in the Lorain Correctional Institution."
 {¶ 36} * * *
 {¶ 37} "Now, that still leaves a big job, and the big job is what is the appropriate sentence of prison on the first degree felony rape charge, what is the appropriate sentence, prison or non-prison, on the gross sexual imposition charges of amended counts five and six?"
 {¶ 38} * * *
 {¶ 39} "The Court: "Mr. [Z.], what would you like me to consider?
 {¶ 40} "The Defendant: "The minimum time, ma'am. * * *"
 {¶ 41} * * *
 {¶ 42} "The Court: "Okay. Thank you very much. The reason why I'm unable to give you a minimum sentence — and I do find that it would demean the seriousness of what you did — to give you a minimum sentence has to do with some factors in the way this crime was committed * * *"
 {¶ 43} Further, the appellant fails to cite any authority which demonstrates that his ten year sentence is inconsistent with sentences for similar crimes by similar offenders. Accordingly, appellant's third assignment of error is overruled.
Judgment affirmed.
FRANK D. CELEBREZZE, JR., J., AND JAMES J. SWEENEY, J., CONCUR.
[1] R.C. 2907.02.
[2] R.C. 2907.03.
[3] R.C. 2907.05.
[4] R.C. 2905.01.
[5] R.C. 2971.01(K).
[6] R.C. 2971.01(I).