JOURNAL ENTRY and OPINION.
{¶ 1} Defendant-appellant, Franklin Morton, Jr. ("appellant"), appeals the sentence imposed upon him following his conviction for aggravated burglary and felonious assault. For the reasons stated below, we affirm.
 I. {¶ 2} On October 6, 2000, appellant and the victim, Eugene Veasy ("Veasy"), became involved in an altercation at Veasy's apartment. Upon arriving home from work, Veasy entertained the company of two female acquaintances.[1] Upon their arrival, Veasy excused himself to take a shower. After getting dressed, Veasy entered the living room and found appellant talking with Donna and Christy. Veasy testified that he recognized appellant as someone who knew Christy.
 {¶ 3} Veasy testified that appellant was arguing and using profanity with the women. Veasy asked appellant to leave the apartment and accompanied him to the door. Upon reaching the kitchen area, appellant struck Veasy in the face and the two began fighting. During this phase of the altercation, appellant bit Veasy on the back and on both ears and poked him in the right eye.
 {¶ 4} According to Veasy, he was able to break free from appellant and flee to his bedroom where he drew his shotgun. Before Veasy was able to use the firearm, appellant grabbed Veasy, gouged out Veasy's eye, and began to strangle him. As a result of this altercation, Veasy blacked out.
 {¶ 5} Upon the arrival of the police, appellant was seen standing over Veasy with the shotgun in his hand. Appellant was subsequently arrested and indicted for felonious assault and aggravated burglary, both with firearm specifications.[2] At trial, Veasy testified that a portion of his ear remained severed and his eyes were surgically removed as a result of the altercation.
 {¶ 6} Following his convictions, the trial court imposed three years of imprisonment for felonious assault and ten years for aggravated burglary, the sentences to run consecutively. Appellant timely appealed his conviction and sentence to this court.[3]
 {¶ 7} On appeal, we affirmed appellant's convictions but reversed the sentence imposed finding that the trial court failed to comply with the statutory mandates for imposing consecutive sentences. R.C. 2929.14(E). On December 30, 2002, the trial court resentenced appellant, imposing the identical sentence upon him, including the imposition of consecutive sentences.
 {¶ 8} Appellant timely filed this appeal and advances four assignments of error for review.
 II. {¶ 9} In his first assignment of error, appellant argues that "[t]he trial court erred by imposing consecutive sentences when it failed to make all the necessary findings required by R.C. 2929.14(E)(4), and failed to give adequate reasons for the findings it did make." For the reasons stated below, we affirm the decision of the trial court.
 {¶ 10} The trial court has the discretion to impose consecutive sentences if the court sets forth the statutorily required findings and reasons in support thereof. State v. Edmonson (1999), 86 Ohio St.3d 324; R.C. 2929.14(E), 2929.19(B)(2)(c). The trial court need not recite the exact language of the statute, as long as it is clear from the record that the court made the required findings. State v. Casalicchio (June 12, 2003), Cuyahoga App. No. 82216, 2003-Ohio-3028. If the findings are discernable from the record, the court has complied with R.C.2929.19(B)(2)(c). Id. Further, R.C. 2929.14(E)(4) does not require the court to recite the exact words of the statute. State v. Chaney (Aug. 8, 2002), Cuyahoga App. No. 80496, 2002-Ohio-4020.
 {¶ 11} R.C. 2929.14(E)(4) requires the trial court to make three findings prior to sentencing an offender to consecutive sentences. Statev. Hunter (March 6, 2002), Cuyahoga App. No. 81006, 2003-Ohio-994. The court must find that consecutive sentences are: (1) necessary to protect the public from future crime or to punish the offender; (2) not disproportionate to the seriousness of the defendant's conduct; and (3) not disproportionate to the danger the defendant poses to the public. In addition to these three findings, the trial court must also find one of the following: (1) the defendant committed the offenses while awaiting trial or sentencing on another charge; (2) the harm caused was so great that no single sentence would suffice to reflect the seriousness of defendant's conduct; or (3) the defendant's criminal history is so egregious that consecutive sentences are needed to protect the public. R.C. 2929.14(E)(4)(a)-(c).
 {¶ 12} We have held that "[t]he trial court must make a record at the sentencing hearing that confirms that the trial court's decision-making process included all of the statutorily required sentencing considerations." State v. Parker (June 7, 2001), Cuyahoga App. Nos. 78257 78809, 144 Ohio App.3d 334. Appellant argues that the trial court failed to comply with R.C. 2929.14(E) for several reasons.
 {¶ 13} First, appellant argues that the trial court erred by failing to provide reasons to justify its finding that consecutive sentences were necessary to protect the public from future crimes or to punish the offender. R.C. 2929.14(E)(4). Appellant contends that the likelihood he would find himself in a situation similar to the facts surrounding his conviction are so extraordinary, the protection from future crime criteria has not been met. State v. Sheppard (Nov. 7, 1997), Hamilton App. No. C-961083.
 {¶ 14} In the case sub judice, the trial court found that "consecutive sentences are necessary to * * * punish the offender because of the great harm that was occasioned to the victim." Further, the trial court held that the sentences "are necessary to sufficiently punish [appellant] for his conduct, which resulted in the loss of eyesight of another human being." This language certainly complies with the mandates of R.C. 2929.14(E). The statute requires that the court find that consecutive sentences are necessary, in part, to protect the public or punish the offender. Here, the trial court properly found that consecutive sentences were imposed to punish the offender. Appellant's argument is without merit.
 {¶ 15} Second, appellant argues that the court improperly found that the sentence imposed was not disproportionate to the seriousness of his conduct. Appellant acknowledges that the trial court made this finding, but argues the court failed to justify how it reached the conclusion that a thirteen-year sentence was not disproportionate.
 {¶ 16} During appellant's first appeal, we found that the trial court's sentencing language was insufficient, in part, because the court failed to specifically make any disproportionate finding. We advised that "[i]t is preferable for the [trial] court to state its findings in the same words as the statute in order to avoid appellate scrutiny." Statev. Morton, Jr. (Feb. 28, 2002), Cuyahoga App. No. 79436, at 21. In the case sub judice, the trial court found "the sentences * * * to be not disproportionate to the seriousness of the Defendant's conduct." This language mirrors that contained in the statute. Further, the court made specific reference to the violence exhibited and the injuries suffered by Veasy. Such findings were sufficient for the trial court to find the sentence not disproportionate to the seriousness of appellant's conduct.
 {¶ 17} Thirdly, appellant argues that the court failed to find that the sentence was not disproportionate to the danger the offender posed to the public. The record reveals that the trial court failed to specifically mention that the sentence imposed would not be disproportionate to the danger appellant posed to the public. However, the court was clear in its findings and therefore the court need not be more specific.
 {¶ 18} In Chaney, supra, the trial court found that the defendant's recidivism was likely and, due to the extreme violence of his actions, the defendant was a danger to the community. Even though the trial court failed to discuss the proportionality of consecutive terms, we held that the trial court's findings were sufficient to find that the consecutive sentences were not disproportionate to the harm caused.[4]
 {¶ 19} Similarly, in State v. Franklin (May 10, 2001), Cuyahoga App. No. 77385, p. 15, we held, "[w]hile the [trial] court did not expressly describe the consecutive sentences as terms necessary and not disproportionate to describe the consecutive sentences, the tenor of its comments, its findings, and the evidence are sufficient to impose such a sentence."
 {¶ 20} In the case sub judice, the trial court found the violence exhibited by appellant was "the worst form of the offense" and "was so great and unusual * * * that no single term would adequately reflect the seriousness of the offense * * *." Also, the court raised the fact that appellant committed these offenses while on supervised release from federal prison. We find that the trial court's language satisfies the requirements of R.C. 2929.14(E)(4) and that any further detail by the court "would be a gesture in futility * * *." Chaney, supra at p. 4.
 {¶ 21} Appellant's final argument concerning the trial court's compliance with R.C. 2929.14(E) is also without merit. Appellant argues that the trial court failed to analyze his criminal history in the context of the need for consecutive sentences. However, the trial court made repeated references to the unique circumstances of the offense and the grave consequences of appellant's actions. The court found the harm to be great and unusual, specifically referencing the victim's loss of sight. Such findings are clearly sufficient to survive our review.
 {¶ 22} We find the court satisfied all the statutory requirements. Appellant's first assignment of error is overruled.
 III. {¶ 23} In his second and third assignments of error, appellant argues that the court erred "in imposing the maximum sentence for the crime of aggravated burglary," and "when it failed to first consider the imposition of the minimum sentences for the offenses of felonious assault and aggravated burglary." For the reasons stated below, we affirm the decisions of the trial court.
 {¶ 24} R.C. 2929.14(C) provides that the longest prison term available may be imposed, in part, "upon offenders who committed the worst forms of the offense * * *." As stated above, R.C. 2929.19(B)(2) mandates that the court must state its reasons for imposing a maximum sentence. Edmonson, supra. R.C. 2929.14(B) provides that:
"[if] the court imposing a sentence upon an offender for a felonyelects or is required to impose a prison term on the offender and if theoffender previously has not served a prison term, the court shall imposethe shortest term authorized for the offense pursuant to division (A) ofthis section, unless the court finds on the record that the shortestprison term will demean the seriousness of the offender's conduct or willnot adequately protect the public from future crimes by the offender orothers."
 {¶ 25} Again, under R.C. 2929.14(B)(2), the court need not use the exact language of the statute. State v. Williams (Feb. 7, 2002), Cuyahoga App. No. 79273. Appellant argues that the trial court failed to consider imposing the minimum sentence. We disagree.
 {¶ 26} Appellant argues, in part, that the time he spent in federal penitentiary does not apply toward the statute because the Ohio legislature intended "prison term" to only apply to state penitentiaries. Without discussing the merit of this argument, appellant's penal history was made moot by the trial court's findings for imposing the maximum sentence.
 {¶ 27} The trial court found that "[n]o single term would adequately reflect the seriousness of the offenses of the defendant's conduct," and the "maximum sentence that is imposed under count two is done so because the Defendant's conduct represents the worst form of the offense." The two statutory requirements having been found, it was in the trial court's discretion to impose consecutive sentences.
 {¶ 28} Appellant also argues that the court's reasoning behind finding that aggravated burglary was the "worst form of the offense" is erroneous. However, the jury found, and this court affirmed, appellant's conviction for aggravated burglary, an element of which is the infliction of physical harm on another.[5] Appellant has cited to no authority restricting a court's determination as what constitutes the worst form of the offense. The court found that the gouging of another's eye constituted the worst form of the offense. As the infliction of harm is an element of the offense of aggravated burglary, the court did not err by reaching this conclusion.
 {¶ 29} We also disagree with appellant that the trial court failed to consider minimum sentences. The transcript reveals that the trial court was aware that there were minimum sentences available under appellant's two counts. The court stated:
"These consecutive sentences are not found by the court to bedisproportionate to the seriousness of the conduct. And here I amreferring to the fact that I have sentenced the Defendant, under counttwo, to ten years. And I have not invoked the higher end of thesentencing under count one, which the Defendant has been sentenced tothree years under count one."
 {¶ 30} This language clearly demonstrates the court's awareness that minimum terms were available under the statutes. As stated above, the exact language need not be used where the trial court exhibits an understanding of the statutory requirements. Williams, supra.
 {¶ 31} Appellant's second and third assignments of error are overruled.
 IV. {¶ 32} In his fourth assignment of error, appellant argues that "[t]he trial court erred in not merging the offenses of aggravated burglary and felonious assault as allied offenses of similar import." For the reasons stated below, appellant's assignment of error is overruled as untimely.
 {¶ 33} In his initial appeal to this court, appellant sought review of whether his conviction was proper. We held in the affirmative. Now, appellant prays that we vacate his conviction for felonious assault, arguing that the felonious assault and aggravated burglary which he committed were allied offenses. While we find appellant's convictions were not allied offenses, we decline to fully address this sentencing issue. On remand, the trial court complied with the sentencing procedures as directed by this court. Further, this issue could have been raised on appellant's first appeal. Accord State v. Grider, Cuyahoga App. No. 82072, 2003-Ohio-3378. Appellant's fourth assignment of error is overruled.
 {¶ 34} This case is affirmed.
ANNE L. KILBANE, P.J. and ANN DYKE, J., concur.
[1] Simply known as Donna and Christy.
[2] The state dismissed the firearms specifications prior to the commencement of trial.
[3] State v. Morton, Jr. (Feb. 28, 2002), Cuyahoga App. No. 79436.
[4] In Chaney, the defendant entered into a plea agreement, thereby waiving the right to contest any part of his sentence. We found, however, that "[e]ven had Chaney not waived any error by inviting it, we would nonetheless affirm." Id. at p. 3. For the purposes of the appeal sub judice, our focus is on the language used by the trial court inChaney affirming the sentence, not the plea agreement.
[5] R.C. 2911.11(A)(1).